527 So.2d 350 (1988)
SUN BELT CONSTRUCTORS, a DIVISION of MCC CONSTRUCTORS, INC.
v.
T & R DRAGLINE SERVICE, INC., First Financial Bank, FSB, et al.
Nos. 88-CA-28, 88-CA-27 and 88-CA-26.
Court of Appeal of Louisiana, Fifth Circuit.
May 16, 1988.
Gerard G. Metzger, Little & Metzger, Metairie, Cornelius E. Regan, Grant & Barrow, Gretna, Edmond R. Eberle, New Orleans, for appellant.
Alvin A. LeBlanc, Jr., DeMartini, LeBlanc, D'Aquila & Volk, Kenner, for appellee.
Before KLIEBERT, BOWES and GRISBAUM, JJ.
GRISBAUM, Judge.
This appeal relates to a summary judgment which was granted in connection with a concursus proceeding. We reverse, annul, and remand.
ISSUE
Given the pleadings and supporting documents, was there a genuine issue of material fact and was the mover entitled to judgment as a matter of law under La.R.S. 9:3102(C)?
FACTS
On July 13, 1983, Sun Belt Constructors, Inc., a division of MCC Constructors, Inc. (Sun Belt), entered into a prime contract with the Parish of Jefferson to build additions to the Cousins Pumping Station in Jefferson Parish. Sun Belt then entered into a subcontract agreement with T & R Dragline Service, Inc. (T & R Dragline) to perform excavations and to line the inner levees of canals with chunks of broken concrete to prevent erosion. The subcontract between Sun Belt and T & R Dragline is dated November 8, 1983. Subsequent difficulties led to the execution of an addendum dated July 13, 1984.
The subcontract between Sun Belt and T & R Dragline contained a provision stating that T & R Dragline agreed not to assign the contract, or any of the money due or to become due without first obtaining Sun Belt's written consent. On May 2, 1984, T & R Dragline executed a general assignment and pledge of accounts receivable in the amount of $50,000 to First Financial *351 Bank (First Financial) without obtaining Sun Belt's oral or written consent. On April 3, 1985, First Financial informed Sun Belt that T & R Dragline had executed a general assignment of its accounts receivable in favor of First Financial. On that date, the assignment was duly recorded in the public records of Jefferson Parish.
Sun Belt filed a Motion for Concursus on November 21, 1985, making the following entities additional parties: Professional Divers, Inc.; J & S Enterprises, Inc.; Scallan Brothers Contractors, Inc.; S.A. Laurent, Inc.; Chalmette Disposal, Inc.; First Financial Bank, Federal Savings Bank; T & R Dragline Service, Inc.; and Bottomland Construction, Inc. First Financial, T & R Dragline, Professional Divers, Inc., Scallan Brothers Contractors, Inc., and S.A. Laurent, Inc. all answered the Motion for Concursus and asserted reconventional demands and/or cross-claims against Sun Belt and the other claimants.
T & R Dragline filed for relief under Chapter 11 of the U.S. Bankruptcy Code on July 18, 1986; the creditors met on June 20, 1986. Sun Belt filed a Proof of Claim in the bankruptcy proceedings on August 16, 1986, stating that T & R Dragline owed it $34,400 in damages for the breach of the subcontract agreement between the parties for the Cousins Pumping Station project. First Financial filed a Motion for Relief from Automatic Stay in T & R Dragline's bankruptcy proceedings, asking the bankruptcy court to lift its automatic stay so the concursus proceedings could be concluded. In September 1986, the U.S. Bankruptcy Court signed an order granting the lifting of the stay and allowing the concursus proceedings to continue.
Sun Belt now claims that T & R Dragline defaulted on the subcontract by causing 12 weeks of delay in the work progress, by failing to pay its subcontractors and/or materialmen and/or lessors of rental equipment, and otherwise failing to perform and comply with the terms of the subcontract. Sun Belt alleges T & R Dragline owes it $95,785, representing delay damages, expenses for removal of debris, the cost of lien bonds, and attorney's fees. Sun Belt alleges that it complied with all of its obligations under both the prime contract and the subcontract with T & R Dragline.
An acceptance for the prime contract was recorded on June 24, 1986 in the Jefferson Parish Mortgage Office. After the prime contract was completed, the following claims were recorded against Sun Belt's job at the Cousins Pumping Station, allegedly pursuant to the Louisiana Public Works Act, La.R.S. 38:2241 et seq.:
(1) Professional Divers, Inc.......$4,285.40 (2) J & S Enterprises, Inc........$59,810.00 (3) S.A. Laurent, Inc..........$2,843,000.25.
Sun Belt disputes these claims.
On October 24, 1986, First Financial filed a Motion for Summary Judgment, asking the court to declare that First Financial outranked all other claimants to the escrowed fund. Sun Belt filed a First Amended Motion for Concursus on December 8, 1986, asserting its own claim to the funds deposited pursuant to the concursus. Sun Belt, Professional Divers, Inc., J & S Enterprises, Inc., and Scallan Brothers Contractors, Inc. filed oppositions to the Motion for Summary Judgment, and Sun Belt and its surety, Reliance Insurance Company, filed a Motion for Partial Summary Judgment in an effort to have some of the claims asserted by the lessors of equipment and/or laborers and/or materialmen disallowed as imperfectly filed or unauthorized by law.
LAW
The mechanism of summary judgment in civil proceedings is provided for by La.C.C. P. art. 966, which states:
A. The plaintiff or defendant in the principal or any incidental action, with or without supporting affidavits, may move for a summary judgment in his favor for all or part of the relief for which he has prayed. The plaintiff's motion may be made at any time after the answer has been filed. The defendant's motion may be made at any time.
B. The motion for summary judgment shall be served at least ten days before the time specified for the hearing. The adverse party may serve opposing affidavits prior to the date of the hearing.

*352 The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.
C. A summary judgment may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.
The jurisprudence interpreting this provision clearly shows that summary judgment should be granted only when reasonable minds must conclude that there is no genuine issue of material fact and that mover is entitled to judgment as a matter of law. Chaisson v. Domingue, 372 So.2d 1225, 1227 (La.1979). A decision on the motion necessarily involves an examination of the merits of the case as they appear through the pleadings and supporting documents submitted on trial of the motion.[1]Jones v. City of Kenner, 442 So.2d 1242, 1245 (La. App. 5th Cir.1983).
As should be obvious from the rationale of summary judgment principles, any decision as to the propriety of a grant of the motion must be made with reference to the substantive law applicable to the case. Only in the context of the applicable substantive law can issues of material fact be ascertained.
ANALYSIS
In order for us to affirm the trial court's action of granting the motion for summary judgment, it must be undisputed that the assignee had a superior claim to the accounts assigned against the corpus of the concursus. The applicable law is La.R.S. 9:3102(C), which provides, "An assignee under a valid notice of assignment shall have a superior claim to the accounts assigned and their proceeds as against all other creditors whose claims or security arose or are perfected after the filing of the notice of assignment."
We note the trial court, in its Reasons for Judgment, made a finding of fact that "This assignment did predate any ... other liens or privileges against the corpus of the concursus. Therefore, under the rules of rankings, First Financial Bank, FSB is entitled to these funds in preference and priority to the others in the concursus." We disagree. We see the trial court's determination that this assignment predated any and all other liens or privileges against the corpus of the concursus is based upon its finding of fact that the assignment predated the perfecting of the liens by claimants under the Public Works Act. Whether the other creditors' claims arose prior to the assignment is an essential material fact which must be determined after a trial on the merits in order to conclude whether the claims of First Financial *353 actually outranked the claims of those protected by the public works act.
Other issues have been raised, which in light of our initial determination, need not be addressed.
For the reasons assigned, the judgment of the trial court dated August 6, 1987, which grants a summary judgment in favor of First Financial Bank, FSB is hereby reversed and annulled; the matter is remanded for further proceedings.
REVERSED, ANNULLED, AND REMANDED.
NOTES
[1] La.C.C.P. art. 967 provides for the submission of such documentation and delineates the burden of proof thereof as follows:

Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or by further affidavits.
When a motion for summary judgment is made and supported as provided above, an adverse party may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided above, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him.
If it appears from the affidavits of a party opposing the motion that for reasons stated he cannot present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.
If it appears to the satisfaction of the court at any time that any of the affidavits presented pursuant to this article are presented in bad faith or solely for the purposes of delay, the court immediately shall order the party employing them to pay to the other party the amount of the reasonable expenses which the filing of the affidavits caused him to incur, including reasonable attorney's fees. Any offending party or attorney may be adjudged guilty of contempt.