598 So.2d 1244 (1992)
Evelyn DAVIS
v.
ST. CHARLES GENERAL HOSPITAL, Dr. Paul Lansing.
No. 91-CA-1576.
Court of Appeal of Louisiana, Fourth Circuit.
April 30, 1992.
Paul J. Galuszka, R. Marla Hamilton, New Orleans, for plaintiff, appellant.
Chester A. Fleming, III, Boggs, Loehn & Rodrigue, New Orleans, for defendants, appellees.
Before CIACCIO, WARD and PLOTKIN, JJ.
PLOTKIN, Judge.
The sole issue in this appeal is whether a referring physician, who did not perform the medical procedure, has a duty to inform the patient of the risks inherent in the procedure under Louisiana law. We conclude that a referring physician has no such duty and affirm the trial court decision granting the referring physicians' motion for summary judgment.
Facts:
Defendants Dr. Louis Levy and his son, Dr. Lawrence Levy, are general internists who treated plaintiff Evelyn Davis for various complaints at all times pertinent to this appeal. Davis testified by affidavit that she regularly saw Dr. Louis Levy, but saw Dr. Lawrence Levy when his father was not available. Her major reason for consulting the Drs. Levy, according to her *1245 affidavit, was "to get cardiograms and for shortness of breath."
On May 10, 1972, Dr. Louis Levy diagnosed a mass in Davis' left parotid salivary gland. Davis stated in her affidavit that this "talabump" would "come and go" and that Dr. Louis Levy sometimes talked to her about the bump. Dr. Levy claims that he discussed referring Davis to a surgeon for further examination of the mass at the time it was diagnosed, but Davis was reluctant to seek further treatment. Dr. Levy also alleges that he discussed the possibility of surgery with the plaintiff intermittently between 1972 and 1986.
On August 1, 1986, Dr. Louis Levy referred the plaintiff to defendant surgeon, Dr. Paul Lansing. Davis was admitted to St. Charles General Hospital on September 16, 1986 for surgery performed by Dr. Lansing. Davis signed a form consenting to the surgery on September 17, 1991; the surgery was performed on September 18, 1991.
Following the surgery, Davis experienced facial weakness, scarring, and nerve damage on the left side, where the surgery was performed. She filed the instant suit, naming the hospital, the surgeon, and both Drs. Levy as defendants, claiming that she was not adequately informed of the risks inherent in the proposed surgery and that she would not have undergone the surgery had she been aware of those risks. Davis alleges that both Drs. Levy are liable for negligent nondisclosure. Drs. Levy filed a motion for summary judgment, claiming they had no responsibility for informing the plaintiff for the risks inherent in the surgery performed by another health care provider. The trial court granted the motion for summary judgment, without issuing written reasons. Davis appeals.
Standard for Granting Motion for Summary Judgment:
When reviewing a trial court decision granting a motion for summary judgment, appellate courts consider the evidence de novo, using the same criteria applied by trial courts to determine whether summary judgment is appropriate. Schroeder v. Board of Supervisors, 591 So.2d 342, 345 (La.1991). That is, the appellate court must determine whether "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact, and that the mover is entitled to judgment as a matter of law." La.C.C.P. art. 966(B). Thus, a motion for summary judgment may be granted only when the mover has proven both of the following elements: (1) no genuine issues of material fact exist, and (2) the mover is entitled to judgment as a matter of law. Chaisson v. Domingue, 372 So.2d 1225, 1227 (La.1979); Transworld Drilling v. Texas General Petroleum Co., 524 So.2d 215, 217 (La.App. 4th Cir.1988). All evidence and inferences drawn from the evidence must be construed in the light most favorable to the party opposing the motion; all allegations of the party opposing the motion must be taken as true and all doubt must be resolved in his favor. Schroeder, 591 So.2d at 345.
Analysis:
The motion for summary judgment was properly granted in the instant case. Even considering the facts of the case in the light most favorable to the plaintiff, the defendants are entitled to judgment as a matter of law.
Although the plaintiff claims that the record reveals "genuine issues of material fact," she fails to specify those facts. A review of the record indicates that the parties do disagree on some operative facts, especially concerning whether the plaintiff indicated a willingness to seek the advice of the surgeon on the day of the referral. The plaintiff claims that Dr. Louis Levy, her internist of many years, whom she trusted, insisted that she see Dr. Lansing, without giving her any alternative. The parties also disagree concerning whether the plaintiff discussed the surgery with Dr. Louis Levy after the referral. The defendants claim that neither of them saw Davis between the referral and her admission to the hospital, while the plaintiff claims that Dr. Lansing's deposition testimony that he had the "impression" that Davis had discussed *1246 the surgery with Dr. Levy creates an issue on this subject.
However, although those facts are technically at issue, they do not present "genuine issues of material fact" sufficient to defeat the motion for summary judgment because neither of those facts is material to determining whether the Drs. Levy are liable to the plaintiff for alleged negligent nondisclosure.
LSA-R.S. 40:1299.40 governs the requirements for informed consent to medical treatment. At the time the facts of this case occurred, nothing in the statute specified the exact parties responsible for obtaining informed consent from patients. The statute simply required that the patient be informed of all significant risks of the proposed procedure and that the patient be given the opportunity to ask questions about the procedure.
Drs. Levy argue that they had no duty to meet the requirements of the above statute for two reasons: (1) they did not perform the procedure, and (2) they were not qualified to inform the patient of the risks. Since they are not trained in surgery, Drs. Levy argue, they are unaware of the inherent risks faced by the plaintiff if she elected to undergo the surgery. Thus, they claim, they cannot be found liable for the plaintiff's injuries under any factual scenario.
We agree. Although the informed consent statute in force at the time of plaintiff's surgery was non-specific concerning the exact parties responsible for informing the plaintiff of the risks, that statute can only be logically interpreted to require the medical professional actually performing the procedure to provide informed consent. This conclusion is supported by 1990 amendments to LSA-R.S. 40:1299.40, which provide unequivocally that only "the physician or other health care provider who will actually perform the contemplated medical or surgical procedure" is covered by the provisions of the statute. LSA-R.S. 40:1299.40(E)(7)(c). Since Drs. Levy had no duty to inform the plaintiff of the risks of the contemplated surgery, they are entitled to judgment as a matter of law.
Thus, the defendants in the instant case carried their burden of proving both that no genuine issues of material fact exist and that they are entitled to judgment as a matter of law. The trial court decision granting the motion for summary judgment filed by Dr. Louis Levy and Dr. Lawrence Levy is affirmed.
AFFIRMED.