691 So.2d 164 (1997)
Stranton Allen McKEY
v.
GENERAL MOTORS CORPORATION, Karen Janise and State Farm Mutual Insurance Company.
No. 96 CA 0755.
Court of Appeal of Louisiana, First Circuit.
February 14, 1997.
*166 Charles E. Moore, Alicia R. Hoover, Baton Rouge, for Plaintiff-Appellant Stanton Allen McKey.
Stephen E. Broyles, Baton Rouge, for Appellant, Louisiana Automobile Dealers Association Self Insured Fund.
B. Frank Davis, Metairie, for Defendant-Appellee General Motors Corporation.
Carey J. Guglielmo and Kevin P. Landreneau, Baton Rouge, for Defendant-Appellee State Farm Mutual Automobile Insurance Co.
Before WATKINS, GONZALES and KUHN, JJ.
WATKINS, Judge.
Plaintiff, Stanton Allen McKey, appeals a summary judgment in favor of defendant, Karen Janise, dismissing his strict liability claim against Ms. Janise and her automobile insurer, State Farm Mutual Insurance Corporation.

FACTS
On December 11, 1991, Ms. Janise took her 1988 Pontiac Bonneville to the Woodfin Smith automobile dealership service department for routine maintenance. The plaintiff, a service manager at Woodfin Smith, attempted to move Ms. Janise's vehicle into a service bay. However, when he put the vehicle in reverse and touched the accelerator, the vehicle, for no apparent reason, went full throttle in a reverse direction.[1] The plaintiff was unable to control the vehicle as it backed down the dealership driveway and across four lanes of traffic and eventually collided with an 18-wheel tanker truck.
The plaintiff filed suit to recover for the damages he sustained in the accident, naming as defendants General Motors Corporation (GMC), the manufacturer of the vehicle; Karen Janise, the owner of the vehicle; and her automobile insurer, State Farm Mutual Insurance Corporation (State Farm).
State Farm moved for summary judgment on the issue of Ms. Janise's strict liability for her automobile. Attached to the motion were excerpts from the depositions of Ms. Janise and plaintiff's mechanical engineering expert, Mr. Neil Mizen. Ms. Janise's deposition revealed that she was unaware of any problem regarding the unexplained acceleration of her vehicle. In Mr. Mizen's deposition he concludes that the uncontrolled acceleration of Ms. Janise's vehicle was caused by electromagnetic interference (EMI). He explains EMI as a confusing and sometimes bizarre phenomenon, that essentially makes electronic equipment act differently. He states that "[w]e have here a vehicle which we know to be vulnerable to EMI.... I have on this table a number of reports prepared by General Motors' technical staff that shows this vehicle or its equivalent will respond to EMI and, in fact, produce wide open throttle operation." Mr. Mizen further explained that: *167 They (GMC) made all kind (sic) of tests like that, and I want to say again and again, almost always they found no effect. They like the word "deviation." They would use the word "no deviation." That means nothing bad happened. That with remarkable frequency, it must have happened to them, say, 35, 50, 100 times in these records I have reviewed. It went to wide open throttle. It was phenomenal.
In another case the vehicle would malfunction when the engineer was not in the room with the vehicle. When the engineer was in the room with the vehicle, the vehicle ran properly. So it goes to really a singular issue if I can, you know, cut through all of this baloney and get to the gut issue. The gut issue is something crazy is happening to that vehicle by ECM (sic).
General Motors, by evidence of the documents I have seen to date, have [sic] not taken the initiative to respond to that in a responsible manner. They have concluded it doesn't happen that often. For example, it happened to one car eight times then went away, and they continued their test.

SUMMARY JUDGMENT
Appellate courts review summary judgments de novo under the same criteria that govern the trial court's consideration of whether summary judgment is appropriate. Schroeder v. Board of Supervisors of Louisiana State University, 591 So.2d 342, 345 (La.1991). Louisiana Code of Civil Procedure Article 966(B) provides that a motion for summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law."
Prior to 1996 La. Acts, First Extraordinary Session, No. 9, which amended LSA-C.C.P. art. 966, summary judgments were not favored, and all doubt concerning a dispute as to a material issue of fact was resolved against granting the motion for summary judgment and in favor of a trial on the merits. See Robertson v. Our Lady of the Lake Regional Medical Center, 574 So.2d 381, 385 (La.App. 1st Cir.1990), writ denied, 573 So.2d 1136 (La.1991). However, LSA-C.C.P. art. 966A(2), as amended, now provides in part, "The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action, except those disallowed by Article 969. The procedure is favored and shall be construed to accomplish these ends." As this legislation is procedural in nature, it must be applied retroactively, as well as prospectively. NAB Natural Resources, L.L.C. v. Willamette Industries, Inc., 28,555, p. 3 (La. App.2d Cir. 8/21/96), 679 So.2d 477, 479; Short v. Giffin, 96-0361, pp. 5-6 (La.App. 4th Cir. 8/21/96), 682 So.2d 249, 253. See also LSA-C.C. art. 6. Nevertheless, the amendments to LSA-C.C.P. art. 966 do not effect a change in the burden of proof, as specified in Paragraph (G): "Notwithstanding any other provision of this Article to the contrary, the burden of proof shall remain with the mover." See also Short, 682 So.2d at 253; Walker v. Kroop, 96-0618, p. 4 (La.App. 4th Cir. 7/24/96), 678 So.2d 580, 583. Therefore, prior jurisprudence on the issue of a mover's burden of proof on a motion for summary judgment is still controlling.
The burden is upon the mover for summary judgment to show that no genuine issue of material fact exists, and only when reasonable minds must inevitably conclude that mover is entitled to judgment as a matter of law is summary judgment warranted. Robertson, 574 So.2d at 384; Frazier v. Freeman, 481 So.2d 184, 186 (La.App. 1st Cir. 1985). The initial determination, on motion for summary judgment, is whether the supporting documents presented by the moving party are sufficient to resolve all material issues of fact; if they are not sufficient, summary judgment shall be denied. See Smith v. Our Lady of the Lake Hospital, Inc., 93-2512, p. 28 (La.7/5/94), 639 So.2d 730, 752. To satisfy this burden, the mover must meet a strict standard of showing that it is quite clear as to what is the truth and that there has been excluded any real doubt as to the existence of a genuine issue of material fact. Industrial Sand and Abrasives, Inc. v. Louisville and Nashville Railroad Company, *168 427 So.2d 1152, 1154 (La.1983). When this determination is made, the mover's supporting documents must be closely scrutinized and the non-mover's indulgently treated. Vermilion Corporation v. Vaughn, 397 So.2d 490, 493 (La.1981). Since the moving party bears the burden of proving the lack of a material issue of fact, where the court is presented with a choice of reasonable inferences to be drawn from the subsidiary facts contained in the affidavits, attached exhibits and depositions, the reasonable inferences must be viewed in the light most favorable to the party opposing the motion. Schroeder, 591 So.2d at 345. It is only if the court determines that the moving party has met this onerous burden that the burden of proof shifts to the opposing party to present evidence that a material fact is still at issue; only at this point may the adverse party no longer rest on the allegations contained in his or her pleadings. Robertson, 574 So.2d at 384.
The court should not seek to determine whether it is likely that the mover will prevail on the merits, but rather whether there is an issue of material fact. Insley v. Titan Insurance Company, 589 So.2d 10, 13 (La. App. 1st Cir.1991); Good v. Fisk, 524 So.2d 203, 205 (La.App. 4th Cir.1988). A fact is material if essential to plaintiff's cause of action under the applicable theory of recovery and without which plaintiff could not recover. Roadrunner Motor Rebuilders, Inc. v. Ryan, 603 So.2d 214, 218 (La.App. 1st Cir.1992). Consequently, we must look to the applicable substantive law to determine whether a particular fact in dispute is material. Sun Belt Constructors, Division MCC Constructors, Inc. v. T & R Dragline Service, Inc., 527 So.2d 350, 352 (La.App. 5th Cir. 1988).
Plaintiff's claims against Ms. Janise are based on LSA-C.C. art. 2317 which provides in pertinent part, "We are responsible, not only for the damage occasioned by our own act, but for that which is caused by the act of persons for whom we are answerable, or of the things which we have in our custody...." The Louisiana Supreme Court has recognized that a principle of legal fault or strict liability underlies Article 2317 as well as Articles 2318-22. Ross v. La Coste de Monterville, 502 So.2d 1026, 1028 (La.1987). Accordingly, in order to recover in strict liability under Article 2317, the injured person must prove that he was injured by a thing, that the thing was in the defendant's garde, that there was a vice or defect creating an unreasonable risk of harm in the thing, and that the injured person's damage arose from that danger. Upon proof of these elements, the guardian is fully responsible for the damages, unless he proves that the damage was caused by the fault of the victim, by the fault of a third person, or by an irresistible force. Ross, 502 So.2d at 1032. "The guardian cannot be absolved from his strict liability by proving that he did not know and could not have known of the unreasonable risk of harm to others. Consequently, the injured plaintiff's failure to prove the guardian's knowledge of the defect prior to the accident does not defeat his action in strict liability under article 2317." Ross, 502 So.2d at 1032.
It is undisputed that the plaintiff was injured by the vehicle and that Ms. Janise was the owner. We further find no error in the trial court's conclusion that the sudden uncontrollable acceleration of the vehicle was a defect that created an unreasonable risk of harm and that this defect caused the plaintiff's damage. Thus, Ms. Janise is strictly liable for this damage unless she can prove that the damage was caused by the fault of the victim, a third person or by an irresistible force. We reject Ms. Janise's argument that when she left the vehicle with Woodfin Smith she no longer had custody of the vehicle for purposes of strict liability. Ms. Janise contends that her delivery of the vehicle to Woodfin Smith for repairs constituted a deposit relieving her of any liability for the vehicle under LSA-C.C. art. 2317. Although we agree with Ms. Janise's contention that a compensated depository has a duty to preserve the deposit with the same diligence that he uses in preserving his own property, we do not believe that this alone relieves an owner of liability for an unreasonably dangerous thing. This issue was addressed directly in Ross v. La Coste de Monterville, 502 So.2d at 1032, wherein the *169 court concluded that, "an owner of a thing who transfers its possession, but not its ownership to another, continues to have the garde of its structure and is obliged to protect others from damage caused by structural defects arising before the transfer." See also Celestine v. Union Oil Company of California, 94-1868, p. 11 (La.4/10/95), 652 So.2d 1299, 1305; Thomas v. Richard, 624 So.2d 962, 965 (La.App. 3d Cir.1993); Sikes v. McLean Trucking Company, 383 So.2d 111 (La. App. 3d Cir.1980), wherein the court refused to adopt a "repairman" exception to strict liability under LSA-C.C. arts. 2317 and 2322. However, the court concluded that a "plaintiff's status as a repairman is a significant factor in determination of whether a risk is unreasonable." Celestine, 652 So.2d at 1305.
Having established that strict liability is applicable in this case, we must now determine whether there exist any unresolved issues of material fact with regard to Ms. Janise's defense of victim fault or third party fault. Because the third party fault in this case involves a manufacturer, we must look to the substantive law of products liability to determine whether a particular fact in dispute is material.
Recovery against a manufacturer for defects in its product is limited to those set forth in the Louisiana Products Liability Act, LSA-R.S. 9:2800.51 et seq. The theories of recovery against a manufacturer are enumerated in LSA-R.S. 9:2800.54 as follows:
Manufacturer responsibility and burden of proof
A. The manufacturer of a product shall be liable to a claimant for damage proximately caused by a characteristic of the product that renders the product unreasonably dangerous when such damage arose from a reasonably anticipated use of the product by the claimant or another person or entity.
B. A product is unreasonably dangerous if and only if:
(1) The product is unreasonably dangerous in construction or composition as provided in R.S. 9:2800.55;
(2) The product is unreasonably dangerous in design as provided in R.S. 9:2800.56;
(3) The product is unreasonably dangerous because an adequate warning about the product has not been provided as provided in R.S. 9:2800.57; or
(4) The product is unreasonably dangerous because it does not conform to an express warranty of the manufacturer about the product as provided in R.S. 9:2800.58.
C. The characteristic of the product that renders it unreasonably dangerous under R.S. 9:2800.55 must exist at the time the product left the control of its manufacturer. The characteristic of the product that renders it unreasonably dangerous under R.S. 9:2800.56 or 9:2800.57 must exist at the time the product left the control of its manufacturer or result from a reasonably anticipated alteration or modification of the product.
D. The claimant has the burden of proving the elements of Subsections A, B and C of this Section.
Additionally, LSA-R.S. 9:2800.55 provides that a product is unreasonable dangerous in construction or composition if, "at the time the product left its manufacturer's control, the product deviated in a material way from the manufacturer's specifications or performance standards for the product or from otherwise identical products manufactured by the same manufacturer." Next, LSA-R.S. 9:2800.56 provides that a product is unreasonably dangerous in design if, at the time the product left its manufacturer's control:
(1) There existed an alternative design for the product that was capable of preventing the claimant's damage; and
(2) The likelihood that the product's design would cause the claimant's damage and the gravity of that damage outweighed the burden on the manufacturer of adopting such alternative design and the adverse effect, if any, of such alternative design on the utility of the product. An adequate warning about a product shall be considered in evaluating the likelihood of damage when the manufacturer has used *170 reasonable care to provide the adequate warning to users and handlers of the product.
Considering the substantive and procedural law, as well as the evidence presented to support Ms. Janise's motion for summary judgment, we must now determine whether there is a material issue of fact regarding the fault of GMC.
Because the evidence presented does not support that a defect existed in the construction of the vehicle, as defined by the act, or that a warning would have prevented the accident, we must determine if Ms. Janise established that the vehicle was unreasonably dangerous in design. In order to warrant a summary judgment on this issue, the undisputed facts must show: that the defect existed at the time it left the manufacturer; there existed an alternative design for the product that was capable of preventing the claimant's damage; the likelihood that the product's design would cause the claimant's damage; and the gravity of that damage outweighed the burden on the manufacturer of adopting such alternative design and the adverse effect, if any, of such alternative design on the utility of the product.
Our review of the record shows that Ms. Janise failed to present any evidence regarding the issue of alternative designs, the effect of alternative designs, or whether the risk avoided by such designs outweighed the burden of adopting the designs. See Morgan v. Gaylord Container Corp., 30 F.3d 586, 590 (5th Cir.1994). Hence, summary judgment in this matter was inappropriate.[2]
Because there are numerous issues of material fact with regard to the fault of GMC in this matter, we must reverse the summary judgment granted in favor of Ms. Janise and State Farm. We remand to the trial court for further proceedings. All costs of this appeal are assessed to the appellee, State Farm.
REVERSED AND REMANDED.
NOTES
[1] We note a similar malfunction occurred in Franklin v. Ford Motor Corporation, 617 So.2d 57 (La.App. 4 Cir.), writ not considered, 619 So.2d 565 (La.1993).
[2] We agree with the observation made in Lavespere v. Niagara Machine & Tool Works, Inc., 910 F.2d 167, 184 (5th Cir.1990), cert. denied, 510 U.S. 859, 114 S.Ct. 171, 126 L.Ed.2d 131, (1993), that "there may be cases in which the judge or the jury, by relying on background knowledge and `common sense,' can `fill in the gaps' in the plaintiff's case, estimating the extent of the risk avoided, the costs of implementing the proposed design change, or the adverse effects of the design modification on the utility of the machine." However, as pointed out by the Lavespere court, in order for this to be possible, "[T]he product itself, or at least the design feature in question, must be relatively uncomplicated, and the implications of the change in design must be such that a layman could readily grasp them." Id. at 184.

We do not believe that the facts of this case lend themselves to such a determination.