701 So.2d 239 (1997)
Charles ALEXANDER, et al.
v.
LOWES COMPANIES, et al.
No. 96 CA 2169.
Court of Appeal of Louisiana, First Circuit.
September 19, 1997.
*240 Dele A. Adebamiji, Baton Rouge, for Plaintiff-Appellant.
Christopher D. Matchett, Baton Rouge, for Defendant-Appellee.
Before LOTTINGER, C.J., and SHORTESS and FOGG, JJ.
SHORTESS, Judge.
Charles Alexander (plaintiff) was injured at Lowe's store in Baker, Louisiana, on March 2, 1992. Plaintiff alleges he was shopping in the store and had requested directions from a sales clerk to find merchandise. He was then hit by a floor buffing machine which was operated by Al Richardson (Richardson), owner of Discount Janitorial Services and Chemical Supply Company, who was hired by H.J. Lowe & Company, L.L.C. (defendant) for janitorial services. As a result of being hit by the buffing machine, plaintiff fell and was injured.
Plaintiff, his wife, their minor children, and major son (plaintiffs),[1] filed a petition for damages against H.J. Lowe & Company, L.L.C.[2] Defendant subsequently filed an answer, generally denying the allegations contained in the petition. On November 22, 1995, defendant filed a motion for summary judgment seeking to be dismissed from the suit. In support of its motion, defendant alleged (1) the buffing machine causing the accident was not operated by its employee or by anyone over whom it exercised care and control; and (2) the operator of the buffing machine, Richardson, was an independent contractor/owner of Discount Janitorial, which had contracted with defendant to provide janitorial and floor buffing services, and did not operate under the direction, supervision, or control of defendant.
In support of these contentions, defendant submitted several exhibits to establish Richardson was not employed by it at the time of this accident. Brenda Brown is defendant's office manager. Her affidavit stated she had personal knowledge of the relationship among Richardson, his business, and defendant, and had personal knowledge of an oral contract Richardson had with defendant as an independent contractor to furnish janitorial and floor buffing services. She also attested Richardson was paid for his services by submitting invoices to defendant, which she forwarded to the home office for payment. Gray C. Jordan, Senior Director of Risk Management, provided checks paid to Discount Janitorial from defendant, for the services rendered by Richardson.
On January 16, 1996, the trial court conducted a hearing on defendant's motion for summary judgment, and requested additional evidence concerning the relationship between Richardson and defendant. Plaintiffs amended their petition on February 5, 1996, adding Richardson as a defendant, alleging he was an employee of defendant at the time of the accident. Richardson was then deposed on April 3, 1996. On July 8, 1996, at the second summary judgment hearing, the court granted defendant's motion, dismissing it from this suit. Plaintiffs appeal, contending the trial court erred in granting defendant's motion for summary judgment, even though it found defendant did exercise some control which should have created enough doubt to constitute an issue of material fact.

SUMMARY JUDGMENT
A motion for summary judgment is a procedural device used to avoid a full-scale trial when there is no genuine factual dispute.[3] It is well settled that the granting of summary judgment is proper only if the pleadings, *241 depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and the mover is entitled to judgment as a matter of law.[4] La. C.C.P. art. 966(B); Lewis v. Diamond Services Corp., 93-1150, p. 5 (La.App. 1st Cir. 5/20/94), 637 So.2d 825, 828, writ denied, 94-1638 (La.10/14/94); 643 So.2d 159. When a motion for summary judgment is made and supported, an adverse party may not rest on the mere allegations or denials of his pleading, but his response must set forth specific facts showing there is a genuine issue for trial.[5]
A fact is material if its existence is essential to the plaintiff's cause of action under the applicable theory of recovery and without which the plaintiff could not prevail. Material facts are those that potentially insure or preclude recovery, affect the litigant's ultimate success, or determine the outcome of a legal dispute.[6]
The burden of proof is upon the mover for summary judgment to show that no genuine issue of material fact exists, and only when reasonable minds must inevitably conclude that the mover is entitled to judgment as a matter of law, is summary judgment warranted.[7] To satisfy this burden, the mover must meet a strict standard by showing that the truth is quite clear and that real doubt as to the existence of material fact is excluded.[8]
The jurisprudence has traditionally held that summary judgments were not favored and should be used cautiously and sparingly.[9] In determining whether material facts had, in fact, been disposed of, any doubt was to be resolved against granting the summary judgment and in favor of trial on the merits.[10] This was true even if grave doubt existed as to a party's ability to establish disputed facts at trial.[11] Where the trial court was presented with a choice of reasonable inferences to be drawn from the subsidiary facts contained in the affidavits, attached exhibits, and depositions, the reasonable inferences were required to be viewed in the light most favorable to the party opposing the motion.[12] However, Louisiana Code of Civil Procedure article 966 states in § A(2) the following:
The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action, except those disallowed by Article 969. The procedure is favored and shall be construed to accomplish these ends.
Appellate courts are to review summary judgments de novo under the same criteria that govern the district court's consideration of whether summary judgment is appropriate.[13] Because it is the applicable substantive law that determines materiality, *242 whether a particular fact in dispute is material can be seen only in light of the substantive law applicable to the case.[14] The law as set forth above has not changed, notwithstanding the recent amendments to the Civil Code of Procedure regarding summary judgments.[15]
Plaintiffs assert several reasons the summary judgment should not be granted. First, plaintiffs allege Richardson was an employee of defendant and there was no contract between the parties. Next, plaintiffs contend Richardson's job did not require a specialized skill, and it was not independent in nature. Thirdly, defendant not only controlled the result of the services rendered by Richardson, but also his time and how the job should be done. Also, Richardson acknowleged in his deposition that he worked for defendant; and he reported to a boss. Finally, defendant did not pay a specific price for Richardson's work. He was paid based on the work he did for each period of claim, and when he did not go to work, he did not get paid.
The Louisiana Civil Code provides in article 2320 that, "Masters and employers are answerable for the damage occasioned by their servants and overseers, in the exercise of the functions in which they are employed." However, this responsibility attaches only when the employer might have prevented the act that caused the damage, and did not do so.[16] Under the law, a principal is not liable for the offenses an independent contractor commits in the course of performing his contractual duties. However, this rule is subject to two exceptions. First, the principal may not escape liability for injuries resulting from the contractor performing ultra-hazardous work. Secondly, the principal cannot escape liability when it reserves the right to supervise or control the work of the independent contractor,[17] or gives express or implied authorization to an unsafe practice.[18]
The trial court granted the summary judgment because it found defendant did not exercise enough control and there was nothing in the record indicating defendant had the right to exercise control. Conversely, we find a genuine issue of material fact exists in determining the status of Richardson as defendant's employee or as an independent contractor. In his deposition, Richardson stated several times he was employed by defendant. In addition, Richardson was not paid a specified salary each month, which could render him more of an employee than an independent contractor. Thus, there is a question as to his status with defendant.
Further, we find genuine issues of material fact exist as to whether defendant supervised or controlled Richardson. The trial court stated, "[T]he real issue or one of the issues in connection with control and interference is whether they would tell him how to do his job...." But, in Crane v. Exxon Corp., U.S.A., we held the test for determining owner-independent contractor status is whether the principal directly supervised the step-by-step process of accomplishing the work.[19] In Sandbom v. BASF Wyandotte, Corp., the test of the independent contractor was broadened.[20] The "status" of an independent contractor is determined by whether the principal directly supervised or had the right to directly supervise the hired person.[21]
*243 The second exception to non-liability [22] is whether the principal gave express or implied authorization to an unsafe practice.[23] We find this disputed issue also precludes the granting of the summary judgment. There is a question whether defendant implicitly authorized the unsafe use of this buffing machine in its store. As stated above, this court has recognized that principals must be held accountable for the allowance of "reckless" or unsafe behavior upon an unsuspecting patron. Richardson's testimony indicates defendant may have knowingly allowed him to service its establishment without the protection of insurance. In addition, Richardson may have been permitted to operate this machine in a manner not conducive for consumers to walk safely through the isles, which could have resulted in plaintiff being injured. Should a fact-finder determine affirmatively Richardson was allowed to operate the machine unsafely, a duty is placed upon defendant to prevent such actions, which would make Richardson an exception to the independent contractor exclusion.
We also note there were various issues raised in Richardson's deposition, which questioned if he were actually the person who injured plaintiff.[24]

CONCLUSION
For the foregoing reasons, the judgment of the trial court, granting summary judgment in favor of defendant and dismissing plaintiffs' claims is hereby reversed. The case is remanded to the trial court for further proceedings. Costs of this appeal are assessed to defendant.
REVERSED AND REMANDED.
NOTES
[1] Charles Alexander's wife is Linda Alexander; his minor sons are Joshua and Derrick Alexander and his major son is C. Anthony Alexander. Names of plaintiff's spouse and children were obtained from the forma pauperis motion filed by him; they were not specifically named in the petition.
[2] The petition initially improperly named defendant Lowe's Company. Also, plaintiffs voluntarily dismissed Crawford and Company Insurance Companies as a defendant, prior to suit.
[3] Kidd v. Logan M. Killen, Inc., 93-1322, p. 3 (La.App. 1st Cir. 5/20/94), 640 So.2d 616, 618.
[4] Louisiana Code of Civil Procedure article 966(B) provides:

The motion for summary judgment and supporting affidavits shall be served at least ten days before the time specified for the hearing. The adverse party may serve opposing affidavits prior to the date of the hearing. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.
[5] Code of Civil Procedure article 967 provides, in pertinent part, as follows:

When a motion for summary judgment is made and supported as provided above, an adverse party may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided above, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him.
[6] Penalber v. Blount, 550 So.2d 577, 583 (La. 1989); Kidd, 640 So.2d at 619.
[7] Kidd, 640 So.2d at 619.
[8] Id.
[9] Penalber v. Blount, 550 So.2d at 583.
[10] Penalber v. Blount, 550 So.2d at 583; Sanders v. Hercules Sheet Metal, 385 So.2d 772, 775 (La. 1980).
[11] Equipment, Inc. v. Anderson Petroleum, 471 So.2d 1068, 1070-71 (La.App. 3rd Cir.1985).
[12] Jones v. Briley, 593 So.2d 391, 393 (La.App. 1st Cir.1991).
[13] Potter v. First Federal Savings & Loan Ass'n, 615 So.2d 318, 325 (La.1993).
[14] Sun Belt Constructors v. T & R Dragline Service, 527 So.2d 350, 352 (La.App. 5th Cir.1988).
[15] See La. C.C.P. arts. 966 and 967; McKey v. General Motors Corp., 96-0755, p. 3 (La.App. 1st Cir. 2/14/97), 691 So.2d 164, 167.
[16] La. C.C. art. 2320.
[17] Triplette v. Exxon Corp., 554 So.2d 1361, 1362-1363 (La.App. 1st Cir.1989); Crane v. Exxon Corp., U.S.A., 613 So.2d 214, 220 (La.App. 1st Cir.1992), writs denied in part, granted in part on other grounds, and remanded, 620 So.2d 858 (La. 1993)
[18] Ewell v. Petro Processors, 364 So.2d 604 (La. App. 1st Cir.1978), writ denied 366 So.2d 575 (La.1979); Sandbom v. BASF Wyandotte, Corp., 95-0335, pp. 1-2 (La.App. 1st Cir. 4/30/96), 674 So.2d 349, 354.
[19] Crane, 613 So.2d at 214; Triplette, 554 So.2d at 1363
[20] Sandbom, 674 So.2d at 354.
[21] Id.
[22] Id.
[23] Handling ultra-hazardous work being the first, as stated earlier.
[24] Richardson stated in the deposition he did not recall the accident and alluded that one of defendant's employees could have caused the accident because he left the machine at the store. Moreover Richardson stated he cleaned the store from 7:00-8:00 a.m., prior to the opening of the store. Furthermore, Richardson was not present when the accident report was made, nor did he sign the accident form.