710 So.2d 1146 (1998)
Flora KIMBLE o/b/o Mark Dedon
v.
ALLSTATE INSURANCE COMPANY and Louis Tapia.
No. 97 CA 0481.
Court of Appeal of Louisiana, First Circuit.
April 8, 1998.
Rehearing Denied June 2, 1998.
*1147 David L. Bateman, Baton Rouge, for Plaintiffs-Appellants.
Lindsey J. Leavoy, Baton Rouge, for Defendant-Appellee Louis Tapia.
Robert L. Kleinpeter, Baton Rouge, for Defendant-Appellee Allstate Insurance Company.
Before LOTTINGER, C.J., and SHORTESS and FOGG, JJ.
SHORTESS, Judge.
David Tapia, a resident of 15412 Red Maple Place in Greenwell Springs, Louisiana, had a homeowner's insurance policy with Allstate Insurance Company. On July 7, 1995, Louis Tapia David's brother, shot David, who died shortly thereafter as a result of the gunshot wound. On the date of the incident, Louis was a resident of the home as well. Louis had a history of mental health problems dating back to the early 1970's and was eventually diagnosed as a paranoid schizophrenic.
On September 19, 1995, Flora Kimble[1] filed a petition for damages on the behalf of her minor son, Mark Dedon[2] (plaintiffs), against Allstate Insurance Company and Louis Tapia for mental anguish and emotional trauma; loss of consortium, enjoyment of life, and support; and other damages. All parties filed motions for summary judgment. The trial court found that Louis Tapia was legally insane at the time of incident.[3] The court also denied the motions for summary judgment on behalf of plaintiffs and Louis Tapia[4] and granted Allstate's motion. Plaintiffs appeal.

SUMMARY JUDGMENT
A motion for summary judgment is a procedural device used to avoid a full-scale trial when there is no genuine factual dispute.[5] It is well settled that the granting of summary judgment is proper only if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and the mover is entitled to judgment as a matter of law.[6] When a motion for summary judgment is made and supported, an adverse party may not rest on the mere allegations or denials of his pleading, but his response must set forth specific facts showing there is a genuine issue for trial.[7]
The jurisprudence has traditionally held that summary judgments were not favored and should be used cautiously and sparingly.[8] In determining whether material facts had been disposed of, any doubt was to be resolved against granting the summary judgment and in favor of trial on the merits.[9] This was true even if grave doubt existed as to a party's ability to establish disputed facts *1148 at trial.[10] If the trial court was presented with a choice of reasonable inferences to be drawn from the subsidiary facts contained in the affidavits, attached exhibits, and depositions, the reasonable inferences were required to be viewed in the light most favorable to the party opposing the motion.[11] However, Louisiana Code of Civil Procedure article 966(A)(2) now states, "The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action, except those disallowed by article 969. The procedure is favored and shall be construed to accomplish these ends."
Appellate courts are to review summary judgments de novo under the same criteria that govern the district court's consideration of whether summary judgment is appropriate.[12] Because it is the applicable substantive law that determines materiality, whether a particular fact in dispute is material can be seen only in light of the substantive law applicable to the case.[13] The law set forth above has not changed, notwithstanding the recent amendments to the Code of Civil Procedure regarding summary judgments.[14]
Plaintiffs assert three assignments of error: the trial court erred 1) in simultaneously concluding Louis Tapia was insane and was capable of forming an intent to injure; 2) in finding the intentional-injury exclusion in the policy issued by Allstate did not violate the well-established public policy of Louisiana; and 3) in finding the intentional-injury exclusion was clear and unambiguous.
Allstate denies any insurance coverage under the facts of this case. It cites the homeowner's insurance policy of David Tapia. Section II of the policy under the area of "Losses We Do Not Cover Under Coverage X" states, in pertinent part:
1. We do not cover any bodily injury or property damage intended by, or which may reasonably be expected to result from the intentional or criminal acts or omissions of, any insured person. This exclusion applies even if:
a) such insured person lacks the mental capacity to govern his or her conduct;
The parties stipulated Louis Tapia was a resident of the home insured by Allstate. The parties also stipulated Louis shot and killed David. There is no dispute among the parties that Louis was insane at the time of the incident and that Louis was insured by the homeowner's policy. Therefore, under the language of the policy, Louis's actions are not covered for he is an insured person who inflicted bodily injury on David.
Plaintiffs also contend the trial court erred by concluding Louis was insane and yet capable of forming the intent to injure. Plaintiffs cite the trial court's reasons for judgment, in pertinent part:
Insane people in Louisiana, as Mr. Kleinpeter points out, they just don't know right from wrong. They intend the full consequences of the act because they don't know any better. But we don't recognize irresistible impulse or diminished capacity. I think your [motion] is good. I think the policy is clear. It excludes intentional torts. This was an intentional tort by an insane person. I grant your motion.
However, the court merely classified the act committed by Louis by calling it an "intentional tort." This classification does not mean Louis formed the requisite intent. It merely means Louis committed an act, which is classified as an intentional tort, and these acts are excluded under the policy. Furthermore, the question plaintiffs present, whether Louis could form the requisite intent, is not an issue because the policy specifically excludes any insured person even if he/she "lacks the mental capacity to govern his or her conduct." In this case, Louis lacked the *1149 mental capacity to govern his conduct, as agreed by all parties, including plaintiffs.
According to Louisiana Civil Code article 2045, "Interpretation of a contract is the determination of the common intent of the parties." Also, Civil Code article 2046 states, "When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent." Thus, a valid insurance policy is the contract between the insured and insurer and it is the law between them. Allstate has the right to limit its liability and impose conditions of coverage under the policy provided there is no conflict with public policy or the laws of this state.
The judgment of the trial court granting Allstate's motion for summary judgment is not manifestly erroneous, and is affirmed at plaintiffs' cost.
AFFIRMED.
NOTES
[1] Kimble is the natural tutrix and administratrix of the estate of Mark Dedon.
[2] All parties stipulated that Mark is the son of David Tapia.
[3] During the summary judgment hearing, all parties agreed Louis Tapia was insane at the time of the incident.
[4] Louis Tapia contended that based upon the fact he was insane at the time of the shooting, he lacked the capacity to be found at fault and should not have been responsible for damages.
[5] Kidd v. Logan M. Killen, Inc., 93-1322, p. 3 (La.App. 1st Cir. 5/20/94), 640 So.2d 616, 618.
[6] La.C.C.P. art. 966(B): Lewis v. Diamond Services Corp., 93-1150, p. 5 (La.App. 1st Cir. 5/20/94), 637 So.2d 825, 828, writ denied, 94-1638 (La.10/14/94); 643 So.2d 159.
[7] La.C.C.P. art. 967.
[8] Penalber v. Blount, 550 So.2d 577, 583 (La. 1989).
[9] Id., Sanders v. Hercules Sheet Metal, 385 So.2d 772, 775 (La.1980).
[10] Equipment, Inc. v. Anderson Petroleum, 471 So.2d 1068, 1070-71 (La.App. 3rd Cir.1985).
[11] Jones v. Briley, 593 So.2d 391, 393 (La.App. 1st Cir.1991).
[12] Potter v. First Federal Savings & Loan Ass'n, 615 So.2d 318, 325 (La.1993).
[13] Sun Belt Constructors v. T & R Dragline Service, 527 So.2d 350, 352 (La.App. 5th Cir. 1988).
[14] See La.C.C.P. arts. 966 and 967; McKey v. General Motors Corp., 96-0755, p. 3 (La.App. 1st Cir. 2/14/97), 691 So.2d 164, 167.