| nWALTZER, Judge.
Defendants, Dr. Raoul Rodriguez and Tulane University Medical Center, ask this court to reverse the denial of a motion for summary judgment.
*389 STATEMENT OF FACTS AND HISTORY OF THE CASE
James Larche had deformities effecting both his right foot and his left foot. He sought medical treatment for his left foot from Dr. Jorge Sanchez, an orthopedic surgeon. Dr. Sanchez referred him for treatment to Dr. Raoul Rodriguez, another orthopedic surgeon, at Tulane Medical Center. Dr. Rodriguez saw Larche on 29 November 1994 and recommended surgery.
On 14 December 1994, after consulting with Dr. Rudolph Buckley, an orthopedic surgeon, Larche signed a consent stating that the procedure to be performed was-“multiple tarsal osteotomies and arthrode-sis.” In 1994, Dr. Buckley was a resident working under the supervision of Dr. Rodriguez. On 16 December 1994, Drs. Rodriguez and Buckley performed surgery on Larche’s left foot.
Larche complains that neither Dr. Rodriguez nor Dr. Buckley explained that a triple arthrodesis was a possible procedure. Larche filed suit against Dr. Rodriguez, alleging that he failed to obtain Larche’s consent for the triple ^arthrodesis. The claims were considered by a medical review panel, and it unanimously concluded that Dr. Rodriguez had obtained Larche’s consent to the triple ar-throdesis, through the written consent signed by Larche.
Dr. Rodriguez and Tulane moved for summary judgment arguing that Larche could not prove the elements of the malpractice cause of action. The trial court denied the motion by judgment dated 11 April 2000, and defendants seek reversal through supervisory writ of the denial of summary judgment.
DISCUSSION
Essentially, Larche alleges that Rodriguez performed a procedure to which Larche had not consented. Larche alleges that although he signed a consent identifying the procedure as a “multiple tarsal osteotomies and arthrodesis,” he did not consent to a triple arthrodesis.
LSA-R.S. 40:1299.40 establishes a presumption of valid consent when a written consent is signed. Cox v. Board of Administrators of Tulane Educational Fund, 97-2350 (La.App. 4 Cir. 7/1/98); 716 So.2d 441, 445. The presumption may be rebutted if the plaintiff establishes (1) the existence of a material risk which the physician must disclose; (2) the physician failed to inform the patient of a material risk, (3) the material risk was realized, and (4) there is a causal connection between the failure to inform the patient of the risk and the realization of the risk. Id.
Larche argues that the presumption does not apply to the facts of this case because Dr. Buckley, not Dr. Rodriguez, obtained Larche’s signature on the consent. The medical professional actually performing the procedure has a duty under LSA-R.S. 40:1299.40 to obtain informed consent from the patient. Davis v. St. Charles General Hospital, (La.App. 4 Cir. 4/30/92); 598 So.2d 1244, 1245. Dr.. Buckley actually participated in Larche’s surgery. Moreover, he was acting at the | sdirection of Dr. Rodriguez. For these reasons, we see no reason to deny Dr. Rodriguez the benefits of the presumption. Larche signed a written consent form, identifying the procedure as “multiple tarsal osteotomies and arthrodesis.” The procedure performed on Larche was a triple osteotomy and arthrodesis. Not only does the plain language of the identified procedure include the procedure actually performed, but every orthopedic surgeon whose testimony was included in the writ application and presented to the trial court stated that the procedure identified on the signed consent form includes a triple ar-throdesis, the procedure actually performed. Larche testifies that neither Dr. Rodriguez nor Dr. Buckley explained that a triple arthrodesis was included in the procedures to which he consented. However, he signed a consent for such a procedure. Larche argues that the consent *390 should have specifically identified the procedure to be performed as a triple arthro-desis, since Dr. Rodriguez had included the term triple arthrodesis in another patient’s consent form. Assuming we could consider such evidence, we are not persuaded. We know nothing about the other patient’s condition or expectations. Larche signed a written consent to the procedure, and that consent is presumed to be valid. He offered no evidence to rebut that presumption.
CONCLUSION
For the above reasons, the writ application is granted and the judgment is reversed. Defendant’s motion for summary judgment is granted and plaintiffs claims are dismissed.
WRIT GRANTED, JUDGMENT REVERSED.