HANS J. LILJEBERG, Judge.
12PIaintiffs appeal the trial court judgment granting defendant’s motion for partial summary judgment. For the following reasons, we affirm.

Facts

In February 2002, plaintiffs, Valerie Griffitt and her husband, John Griffitt, initiated a medical malpractice panel proceeding against A. Jay Binder, M.D., pursuant to the Medical Malpractice Act and La. R.S. 40:1299.41, et seq. Plaintiffs alleged that Dr. Binder, an orthopedist, breached the standard of care in the treatment of her left knee and failed to obtain her informed consent. Plaintiffs alleged that Valerie Griffitt consented to a procedure called a closed wedge high tibial os-teotomy (“HTO”); but Dr. Binder performed an opening wedge HTO.
A medical review panel issued a decision that Dr. Binder’s treatment of Valerie Griffitt did not fall below the applicable standard of care and further issued a finding that “the consent form authorized a high tibial osteotomy, which includes either open or closed.” Thereafter, plaintiffs filed a Petition for Damages thereby instituting the instant action against Dr. Binder and his insurer. Dr. Binder and his |3insurer settled the claims for less than policy limits. Therefore, plaintiffs sought court approval of the settlement and authority to proceed against the Louisiana Patient’s Compensation Fund (“PCF”) for excess damages. The PCF filed a motion for partial summary judgment as to Valerie Griffitt’s informed consent claim. The trial court ruled in favor of the PCF. This appeal followed.

Law & Analysis

At the time of the hearing, La. C.C.P. art. 966 provided for summary judgment only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, showed that there is no genuine issue as to material fact and that the mover is entitled to judgment as a *796 matter of law.[1] The initial burden of proof is with the mover to show that no genuine issue of material fact exists. If the moving party will not bear the burden of proof at trial, the moving party must only point out that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense. The non-moving party must then produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial. If the non-moving party fails to do so, there is no genuine issue of material fact and summary judgment should be granted. La. C.C.P. art. 966(C)(2); Schultz v. Guoth, 10-343, pp. 3-4 (La.1/19/11), 57 So.3d 1002.
Appellate courts review the granting or denial of a motion for summary judgment de novo under the same criteria governing the district court’s consideration of whether summary judgment is appropriate. Specifically, appellate courts must ask the same questions as the district court: whether there is any genuine issue of material fact, and whether the mover is entitled to judgment as a |4matter of law. Matthews v. Banner, 08-339, p. 3 (La.App. 5 Cir. 10/28/08), 996 So.2d 1161, 1163. The decision as to the propriety of a grant of a motion for summary judgment must be made with reference to the substantive law applicable to the case. Sun Belt Constructors, a Div. of MCC Constructors, Inc. v. T & R Dragline Service, Inc., 527 So.2d 350 (La.App. 5 Cir.1988).
The law regarding informed consent in medical malpractice claims is well-settled in Louisiana. It is both statutory and jurisprudential. Tipton v. Campbell, 08-139, 08-140 (La.App. 4 Cir. 9/24/08), 996 So.2d 27, writ denied, 08-2564 (La.1/9/09), 998 So.2d 720. In Maybrier v. Louisiana Medical Mutual Insurance Company, 08-1508, p. 8, (La.App. 3 Cir. 6/10/09), 12 So.3d 1115, 1121, writ denied, 09-1558 (La.10/9/09), 18 So.3d 1287, the doctrine of informed consent was explained:
The informed consent doctrine is based on the principle that every adult of sound mind has the right to determine what will be done to his or her own body. LaCaze v. Collier, 434 So.2d 1039 (La.1983). Where circumstances permit, a patient should be told the nature of the pertinent ailment or condition, the general nature of the proposed treatment or procedure, the risks involved, the prospects of success, the risks of failing to undergo the treatment or procedure, and the risks of any alternative methods of treatment. Hondroulis v. Shuhmacher, 553 So.2d 398 (La.1988).
Maybrier, 12 So.3d at 1121.
There is no dispute that on March 12, 2001, Ms. Griffitt signed a consent form for the HTO procedure. However, Ms. Griffitt asserts that she consented only to a closed wedge HTO rather than the opening wedge HTO procedure that Dr. Binder ultimately performed. Therefore, Ms. Griffitt’s claim is one of complete lack of consent for the procedure performed.
IfiAt the time of signing, La. R.S. 40:1299.40 of Louisiana’s Uniform Consent Law provided in pertinent part:[2]
*797 A. (1) Notwithstanding any other law to the contrary, written consent to medical treatment means the voluntary permission of a patient, through signature, marking, or affirmative action through electronic means ..., to any medical or surgical procedure or course of procedures which sets forth in general terms the nature and purpose of the procedure or procedures, together with the known risks, if any, of death, brain damage, quadriplegia, paraplegia, the loss or loss of function of any organ or limb, of disfiguring scars associated with such procedure or procedures; acknowledges that such disclosure of information has been made and that all questions asked about the procedure or procedures have been answered in a satisfactory manner; and is evidenced by a signature, marking, or affirmative action through electronic means, by the patient for whom the procedure is to be performed, or if the patient for any reason lacks legal capacity to consent, by a person who has legal authority to consent on behalf of such patient in such circumstances. Such consent shall be presumed to be valid and effective, in the absence of proof that execution of the consent was induced by misrepresentation of material facts.
The consent form signed by Ms. Griffitt was introduced at the hearing. The form as required by La. R.S. 40:1299.40 generally provides for a left knee arthroscopy and anterior cruciate ligament reconstruction using a cadaver allo-graft and a high tibial osteotomy. Ms. Grif-fitt signed the form acknowledging that she was informed of the risks associated with the proposed procedures, that all questions had been answered to her satisfaction, and that she gave consent for the procedures therein identified. Statutorily, the consent form is presumed valid and effective in the absence of proof that execution of the consent was induced by misrepresentation of material facts. We do not find that plaintiffs rebutted the presumption of validity with any such proof.
The procedure performed on Valerie Griffitt was an opening wedge HTO. Not only does the plain language of the identified procedure include the procedure actually performed, but all expert testimony presented, including the plaintiffs’ | (¡expert, stated that the procedure identified in the signed consent form includes either a closed or opening wedge HTO. A high tibial osteotomy may be performed either way, and Ms. Griffitt did not specify in the consent form that she consented to one manner and not the other. Although it appears that both methods may have been discussed between the parties, Ms. Griffitt ultimately consented to the HTO, which Dr. Binder performed.
Accordingly, because all expert testimony stated that the procedure specified in the consent form was indeed the procedure performed, we cannot find that a genuine issue of material fact exists as to whether Ms. Griffitt’s consent to the HTO procedure performed was informed. See, Larche v. Rodriguez, 00-881 (La.App. 4 Cir. 5/17/00), 765 So.2d 388, writ denied, 00-1817 (La.9/22/00), 768 So.2d 1290.

Decree

Considering the foregoing, the judgment of the trial court is affirmed.

AFFIRMED

JOHNSON, J., dissents with reasons.

. Acts 2012, No. 257, § 1 removed the words "on file" from Section B, subsection 2 of Article 966 effective August 15, 2012. The instant motion for summary judgment was heard on May 25, 2012. Notwithstanding, all exhibits were admitted into evidence at the hearing.

. La. R.S. 40:1299.40 was repealed by Acts 2012, No. 759, § 3 effective June 12, 2012 and is now contained in La. R.S. 40:1299.39.5.