895 So.2d 600 (2005)
William David COHN, Sr. and Lisa Cohn
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY
No. 2003 CA 2820.
Court of Appeal of Louisiana, First Circuit.
February 11, 2005.
Rehearing Denied March 23, 2005.
Drew M. Louviere, Baton Rouge, Counsel for Plaintiffs/Appellants William David Cohn, Sr. and Lisa Cohn.
Darrell J. Loup, Baton Rouge, Counsel for Defendant/Appellee State Farm Mutual Automobile Insurance Company.
Before: GUIDRY, PETTIGREW, DOWNING, GAIDRY, and McCLENDON, JJ.
GAIDRY, J.
In this suit arising out of a rear-end collision, plaintiffs, William Cohn, Sr. and Lisa Cohn, appeal a summary judgment granted in favor of defendant, State Farm Mutual Automobile Insurance Company. We reverse.

FACTS AND PROCEDURAL HISTORY
On January 12, 2000, a vehicle driven by William Cohn was rear-ended by another vehicle. The vehicle driven by Cohn was *601 owned by his employer, Beebe's Pest and Termite Control, Inc. ("Beebe's"), and Cohn was in the course and scope of his employment with Beebe's at the time of the accident. Cohn claimed to have sustained serious back injuries as a result of the accident and sought recovery from State Farm under Beebe's uninsured/underinsured motorist coverage ("UM").
State Farm filed a motion for summary judgment, alleging that Beebe's had rejected UM coverage prior to the accident on the vehicle driven by Cohn. The basis for this motion for summary judgment was that on November 24, 1999, Annette Beebe, in her capacity as an officer and director of Beebe's, initialed and signed a UM selection form rejecting UM coverage on Beebe's fleet policy. The trial court granted State Farm's motion for summary judgment, and the Cohns appealed, asserting that the trial court erred in granting summary judgment based upon a deficient, altered UM rejection form and an "after-the-fact" affidavit.

DISCUSSION
A motion for summary judgment is a procedural device used to avoid a full-scale trial when there is no genuine factual dispute. Sanders v. Ashland Oil, Inc., 96-1751, p. 5 (La.App. 1 Cir. 6/20/97), 696 So.2d 1031, 1034, writ denied, 97-1911 (La.10/31/97), 703 So.2d 29. Summary judgment is properly granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact, and that mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B). Summary judgment is favored and "is designed to secure the just, speedy, and inexpensive determination of every action." La. C.C.P. art. 966(A)(2).
The initial burden of proof remains with the mover and is not shifted to the non-moving party until the mover has properly supported the motion and carried the initial burden of proof. Only then must the non-moving party "submit evidence showing the existence of specific facts establishing a genuine issue of material fact." See Scott v. McDaniel, 96-1509, p. 5 (La.App. 1 Cir. 5/9/97), 694 So.2d 1189, 1191-1192, writ denied, 97-1551 (La.9/26/97), 701 So.2d 991. If the non-moving party fails to do so, there is no genuine issue of material fact and summary judgment should be granted. La. C.C.P. arts. 966 and 967.
In determining whether summary judgment is appropriate, appellate courts review evidence de novo under the same criteria that govern the trial court's determination of whether summary judgment is appropriate. Sanders, 96-1751 at 7, 696 So.2d at 1035. Because it is the applicable substantive law that determines materiality, whether a particular fact in dispute is material can be seen only in light of the substantive law applicable to this case. Walker v. Phi Beta Sigma Fraternity (RHO Chapter), 96-2345, p. 6 (La.App. 1 Cir. 12/29/97), 706 So.2d 525, 528.
There is no dispute that the vehicle driven by Cohn at the time of the accident was insured pursuant to a State Farm fleet policy # F50 0194-E07-18D issued to Beebe's. This policy was effective from November 8, 1999 to November 7, 2000. The issue is whether Annette Beebe's November 24, 1999 attempt to reject UM coverage was effective.
During the effective dates of the policy and at the time of the accident, La. R.S. 22:1406(D)[1] governed UM coverage, and provided that the required coverage is not *602 applicable when any insured named in the policy either rejects coverage, selects lower limits, or selects economic-only coverage; however, such rejection, selection of lower limits, or selection of economic-only coverage shall be made only on a form prescribed by the commissioner of insurance. A properly completed and signed form creates a rebuttable presumption that the insured knowingly rejected coverage, selected a lower limit, or selected economic-only coverage. La. R.S. 22:1406(D)(1)(a)(i) and (ii).[2]
Considering that the object of the UM legislation is to promote full recovery for automobile accident victims by making such coverage available for them, jurisprudence has held that the UM statute is to be liberally construed, and the exceptions to coverage interpreted strictly. Therefore, any exclusion from coverage must be clear and unmistakable. Dixon v. Gene Moody Trucking, Inc., 36,420 pp. 5-6 (La.App. 2 Cir. 10/23/02), 830 So.2d 392, 395. The expression of a desire not to have UM coverage, however clear, does not necessarily constitute a valid rejection if the expression of rejection does not meet the formal requirements of law. Roger v. Estate of Moulton, 513 So.2d 1126, 1131 (La.1987).
Annette Beebe initialed and signed a UM selection/rejection form rejecting UM coverage on behalf of Beebe's. On the blank for "Named Insured or Legal Representative," Annette Beebe wrote her own name; she did not indicate that she was signing on behalf of Beebe's. In the blank where the policy number should be written, Annette Beebe wrote "F50 0194-."[3] The box identifying the insurance company providing coverage was not checked. After this UM waiver form was executed, the insurance agent sent the form to State Farm. Upon receipt, State Farm unilaterally altered the waiver by writing in "Beebe's Pest and Termite Control, Inc." over Annette Beebe's name and checking off the box for State Farm Mutual Automobile Insurance Company.
While in a prior case[4] this court held that a UM rejection was valid even though the form was not dated and did not contain a policy number at all, that case was decided under a prior statute[5] and involved a situation where the person seeking to reject UM coverage was only applying for one policy, and that policy had not yet been assigned a number. In this case, Beebe's had multiple policies with State Farm. By not including a complete policy number, checking off the name of the insurance company, or indicating that she was signing in a representative capacity, the UM waiver was not "clear and unmistakable." Because the exceptions to coverage are to be interpreted strictly, we find that Annette Beebe's attempt to waive UM coverage was not valid, and the trial *603 court erred in granting summary judgment.

DECREE
The judgment of the trial court granting summary judgment in favor of State Farm is reversed. Costs of this appeal are assessed to State Farm.
REVERSED.
DOWNING, J., concurs with reasons.
McCLENDON, J., dissents and assigns reasons.
DOWNING, J., concurs and assigns reasons.
I would find that there are questions of fact that cannot be resolved in a motion for summary judgment based on the record before us.
McCLENDON, J., dissents.
For the following reasons, I respectfully dissent. Initially, I disagree with the majority's reliance on a rule promulgated by the Commissioner of Insurance in reversing the granting of summary judgment by the trial court. Rather, the terms of LSA-R.S. 22:1406(D) apply herein, and the issue is whether the rejection form executed by the defendant insurer sufficiently complied with the requirements set forth in LSA-R.S. 22:1406(D) to constitute a valid rejection of UM coverage. As the majority notes, in completing the form, Ms. Beebe failed to check the box identifying the insurance company that provided coverage and included only a partial policy number. Under the circumstances herein, the absence of these two pieces of information on the otherwise complete UM rejection form does not negate the form's effectiveness. The rejection form clearly applied to a policy issued by State Farm. Furthermore, the number included at the bottom of the form, although incomplete, contained all essential parts to accurately identify the policy. Accordingly, the record is clear that there was no confusion as to the policy to which this UM rejection applied. For these reasons, I believe the UM rejection is valid and would affirm the judgment of the trial court.
NOTES
[1] La. R.S. 22:1406(D) was redesignated as 22:680 by Acts 2003, No. 456, § 3.
[2] The commissioner of insurance set forth the requirements for a UM selection form in LIRC 98-01, which provides that for identification purposes, the company name must be placed at the lower left-hand corner and the policy number at the lower right-hand corner of the form.
[3] The correct policy number is "F50 0194-E07-18D."
[4] Melton v. Miley, 98-1437, pp. 6-9 (La.App. 1 Cir. 9/24/99), 754 So.2d 1088, 1091-93.
[5] The version of La. R.S. 22:1406(D)(1)(a) which was applicable in Melton v. Miley provided that a valid UM rejection required a rejection in writing on a standard form provided for by the act and signed by the "named insured" or his "legal representative." The requirement that the rejection be made only on the form prescribed by the commissioner of insurance was not effective until September 6, 1998.