979 So.2d 562 (2008)
Cynthia FESCHAREK
v.
US AGENCIES INSURANCE COMPANY.
No. 07-CA-843.
Court of Appeal of Louisiana, Fifth Circuit.
February 6, 2008.
Salvador M. Brocato, III, Attorney at Law, Metairie, Louisiana, for Plaintiff/Appellant.
John E. Faherty, Jr., Scott A. Cannon, Attorneys at Law, Slidell, Louisiana, for Defendant/Appellee.
Panel composed of Judges CLARENCE E. McMANUS, WALTER J. ROTHSCHILD, and FREDERICKA HOMBERG WICKER.
*563 WALTER J. ROTHSCHILD, Judge.
In this automobile accident case, the trial court granted summary judgment in favor of the insurer on the issue of uninsured motorist ("UM") coverage under the subject policy. Plaintiff now appeals.
Facts
The facts of this case are not in dispute. On April 15, 2006, plaintiff, Cynthia Fescharek, was involved in an accident with Jason Washington, an uninsured motorist. Plaintiff filed the instant suit against USAgencies Insurance Company, alleging that defendant issued a policy of insurance to plaintiff which afforded UM coverage for the damages she sustained in the accident with Mr. Washington. USAgencies filed an answer to this petition admitting that it issued a policy of insurance to plaintiff, but denying that the policy included UM coverage.
Thereafter, USAgencies brought a motion for summary judgment on the basis that the subject policy did not provide UM coverage to plaintiff as a matter of law. USAgencies attached to its motion a copy of the policy, including an "Uninsured/Underinsured Motorist Bodily Injury Coverage Form" signed by plaintiff and an affidavit of Jana Goins, an underwriter for USAgencies, who attested that the policy issued by the insurer did not provide UM coverage to plaintiff for this accident.
Plaintiff opposed defendant's motion and also brought a motion for partial summary judgment on the issue of coverage. Plaintiff contends that USAgencies provided a policy of insurance which was in effect at the time of the accident herein, and that she did not sign a valid waiver of UM coverage. In support of this motion, plaintiff attached a copy of the same "Uninsured/Underinsured Motorist Bodily Injury Coverage Form" relied on by defendant, but she argues the form is invalid as the name of the insurance company does not appear on the waiver form as required by the holding of the Louisiana Supreme Court in Duncan v. USAA Insurance Co., 06-363 (La.11/29/06), 950 So.2d 544.
By judgment rendered on August 15, 2007, the trial court found that the subject insurance policy did not provide UM coverage to plaintiff because she specifically rejected such coverage on a valid waiver form. The trial court therefore granted summary judgment in favor of defendant, dismissing plaintiff's suit with prejudice. The sole issue presented on appeal is whether, as a matter of law, plaintiff rejected UM coverage under the subject policy in accordance with Louisiana law and jurisprudence.
Law and Discussion
A motion for summary judgment is a procedural device used when there is no genuine issue of material fact. Duncan v. USAA Insurance Co., 06-363, pp. 3-6 (La.11/29/06), 950 So.2d 544, 546-48. The summary judgment procedure is favored and designed to secure the just, speedy, and inexpensive determination of every action and shall be construed to accomplish these ends. La. C.C.P. art. 966(A)(2). Appellate courts review summary judgments de novo under the same criteria that govern the district court's consideration of whether summary judgment is appropriate. Schroeder v. Board of Supervisors of Louisiana State Univ., 591 So.2d 342, 345 (La.1991). A motion for summary judgment is properly granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue of material fact, and the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966.
In Louisiana, UM coverage is provided for by statute and embodies a strong public *564 policy. Roger v. Estate of Moulton, 513 So.2d 1126, 1131 (La.1987); A.I.U. Ins. Co. v. Roberts, 404 So.2d 948, 949 (La.1981). The object of UM insurance is to provide full recovery for automobile accident victims who suffer damages caused by a tortfeasor who is not covered by adequate liability insurance. Tugwell v. State Farm Ins. Co., 609 So.2d 195, 197 (La.1992); Henson v. Safeco Ins. Co., 585 So.2d 534, 537 (La.1991); Hoefly v. Government Employees Ins. Co., 418 So.2d 575, 578 (La. 1982).
La.R.S. 22:1406 D(1)(a)(i) mandates that every automobile liability insurance policy issued or delivered in Louisiana shall include coverage, in not less than the limits of bodily injury liability provided by the policy, for the protection of insureds who are legally entitled to recover from owners or operators of uninsured or underinsured motor vehicles. Statutory coverage will be read into a policy as if it were in the policy itself. Henson, 585 So.2d at 537. However, the statute also provides that the insured may reject in writing the statutorily mandated coverage or select lower limits. Daigle v. Authement, 96-1662 (La.4/8/97), 691 So.2d 1213, 1214.
The UM statute is to be liberally construed and a rejection of the coverage provided by law must be clear and unmistakable. Roger, 513 So.2d at 1131. The insurer bears the burden of proof that a rejection of coverage or a selection of lower limits has been legally perfected. Henson, 585 So.2d at 539. A valid rejection must be expressly set forth in writing and signed by the insured or his authorized representative. Tugwell v. State Farm Ins. Co., 609 So.2d 195 (La.1992); Henson, 585 So.2d at 538.
La. R.S. 22:1406 D, as amended by Acts 2003, No. 456, §§ 1 and 2, was redesignated as La. R.S. 22:680 by § 3 of Acts 2003, No. 456. La. R.S. 22:680(1)(a)(ii) governs UM coverage selection and currently reads:
Such rejection, selection of lower limits, or selection of economic-only coverage shall be made only on a form prescribed by the commissioner of insurance. The prescribed form shall be provided by the insurer and signed by the named insured or his legal representative. The form signed by the named insured or his legal representative which initially rejects such coverage, selects lower limits, or selects economic-only coverage shall be conclusively presumed to become a part of the policy or contract when issued and delivered, irrespective of whether physically attached thereto. A properly completed and signed form creates a rebuttable presumption that the insured knowingly rejected coverage, selected a lower limit, or selected economic-only coverage. The form signed by the insured or his legal representative which initially rejects coverage, selects lower limits, or selects economic-only coverage shall remain valid for the life of the policy and shall not require the completion of a new selection form when a renewal, reinstatement, substitute, or amended policy is issued to the same named insured by the same insurer or any of its affiliates. An insured may change the original uninsured motorist selection or rejection on a policy at any time during the life of the policy by submitting a new uninsured motorist selection form to the insurer on the form prescribed by the commissioner of insurance. Any changes to an existing policy, regardless of whether these changes create new coverage, except changes in the limits of liability, do not create a new policy and do not require the completion of new uninsured motorist selection *565 forms. For the purpose of this Section, a new policy shall mean an original contract of insurance which an insured enters into through the completion of an application on the form required by the insurer.
In support of her argument that the waiver form executed in this case was invalid, plaintiff relies upon Duncan v. USAA Insurance Co., 06-363, pp. 3-6 (La.11/29/06), 950 So.2d 544, 546-48, which held that by failing to include the policy number in the blank provided on the form prescribed by the commissioner of insurance, the insurer failed to effectuate a valid rejection of UM coverage. Plaintiff contends that the UM waiver form in the present case likewise fails to contain the name of the insurer as required by the bulletin promulgated by the commissioner of insurance, LIRC 98-01., Plaintiff contends that the form does not meet the requirements of law and the rejection of UM coverage is therefore invalid. We disagree.
The "Uninsured/Underinsured Motorist Bodily Injury Coverage Form" submitted by the insurer in this case indicates that it was promulgated by the State of Louisiana pursuant to La. R.S. 22:1406 D. This form contains the name of the insured, Cynthia L. Fescharek, the applicable policy number, and the date, 1/30/2006. The form also contains the signature of the insured, Cynthia L. Fescharek. Although plaintiff contends that the form does not contain the name of the insurance company, the form contains the following on the bottom left-hand corner of the document: LA-USACIC00006 and a bar code. This acronym clearly refers to USAgencies Casualty Insurance Company, the insurer that provided this policy to plaintiff. Further, plaintiff's initials are placed on the form adjacent to the following language:
I do not want UMBI Coverage. I understand that I will not be compensated through UMBI coverage for losses arising from an accident caused by an uninsured/underinsured motorist.
(Emphasis in the original.)
Thus, the form executed by plaintiff and the insurer in this case complies with the formal requirements of law in that there is a clear rejection of UM coverage, the form is signed and dated, and it contains the policy number and the name of the insured. Plaintiff's reliance on the Supreme Court's holding in Duncan is misplaced. The form in the Duncan case was invalid because it failed to contain the policy number on the designated line, and the facts of that case are distinguishable from the facts presented here where the form is properly completed and complies with all of the formal requirements of Louisiana law.
Conclusion
Accordingly, our review of the record indicates that plaintiff, Cynthia L. Fescharek, validly rejected UM coverage on the subject automobile liability policy. As the policy fails to grant UM coverage as a matter of law, we find that the trial court was correct in granting summary judgment in favor of the insurer in this case. The judgment rendered in favor of USAgencies and dismissing plaintiff's lawsuit with prejudice is hereby affirmed. Plaintiff shall bear all costs of this appeal.
AFFIRMED.