## STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 08-775

**DIANE EDDEN**

**VERSUS**

**JODY W. ORTEGO, ET AL.**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
TWELFTH JUDICIAL DISTRICT COURT,
PARISH OF AVOYELLES, 2007-0698-A
HONORABLE MARK A. JEANSONNE, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## J. DAVID PAINTER
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of John D. Saunders, Billy Howard Ezell, and J. David Painter, Judges.

**AFFIRMED.**

**Ronald J. Fiorenza**
**Provosty, Sadler, deLaunay, Fiorenza & Sobel**
**P.O. Drawer 1791**
**Alexandria, LA 71309-1791**
**(318) 445-3631**
**Counsel for Defendant-Appellant:**
    **St. Paul Fire and Marine Insurance Company**

**Cory P. Roy**
**Beau R. Layfield**
**Law Offices of Cory P. Roy**
**P.O. Box 554**
**Marksville, LA 71351**
**(318) 240-7800**
**Counsel for Plaintiff-Appellee:**
    **Diane Edden**

**PAINTER, Judge.**

The issue presented in this appeal is the validity of an uninsured motorist (UM) coverage waiver signed by the sheriff of Avoyelles Parish with respect to a policy of insurance issued by Defendant, St. Paul Fire and Marine Insurance Company (St. Paul), to the Avoyelles Parish Sheriff's Office (APSO). The trial court found that the waiver was invalid because the sheriff failed to indicate his authority or representative capacity on the form. Defendant now appeals the partial summary judgment granted to Plaintiff, Diane Edden, on the issue of entitlement to UM coverage. Finding that the waiver was not "clear and unmistakable," we affirm the trial court's ruling.

## FACTUAL AND PROCEDURAL BACKGROUND

This litigation arises out of automobile accident that occurred on April 10, 2007. Plaintiff was employee of the APSO and was driving a 2001 Dodge Ram owned by her employer when she was involved in an accident with a vehicle driven by Jody Ortego, Jr. Plaintiff filed suit against Ortego and his insurer, Safeway Insurance Company, as well as against St. Paul as the insurer of the APSO vehicle she was driving. In its answer to Plaintiff's petition, St. Paul asserted that it had no liability to Plaintiff because the APSO had validly rejected UM coverage. Plaintiff then filed a motion for partial summary judgment on the issue of UM coverage, asserting that the UM waiver was invalid since the individual signing on behalf of the insured, Bill Belt (who was the Sheriff of Avoyelles Parish), failed to indicate his representative capacity or authority on the form and since the form did not bear the name of the insurance company. Citing *Duncan v. U.S.A.A. Ins. Co.*, 06-363 (La. 11/29/06), 950 So.2d 544, the trial court found that the UM waiver was invalid and granted Plaintiff's motion for partial summary judgment. The trial court certified its

1

judgment as a final judgment under La.Code Civ.P. Art. 1915(B)(1), and this devolutive appeal by St. Paul followed.

**DISCUSSION**

St. Paul contends that the trial court erred in granting Plaintiff's motion for partial summary judgment and maintains that the waiver signed by Sheriff Belt is valid. We review this matter de novo as that is the standard of review for the grant of a motion for summary judgment. *See Schroeder v. Bd. of Supervisors of La. State Univ.*, 591 So.2d 342 (La.1991). The grant of a motion for summary judgment is proper only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. La.Code Civ.P. art. 966. "[A]ny decision as to the propriety of a grant of the motion must be made with reference to the substantive law applicable to the case. Only in the context of the applicable substantive law can issues of material fact be ascertained." *Johnson v. Folse*, 07-1031, p. 6 (La.App. 5 Cir. 5/27/08), 986 So.2d 110, 114, *writ denied*, 08-1377 (La. 9/26/08), ___ So.2d ___ (citing *Johnson v. Drury*, 99-608, (La.App. 5 Cir. 6/2/00), 763 So.2d 103, and *Sun Belt Constructors, a Div. of MCC Constructors, Inc. v. T & R Dragline Service, Inc.*, 527 So.2d 350 (La.App. 5 Cir.1988)).

Louisiana Revised Statutes 22:680(1)(a)(ii) provides as follows:

> Such rejection, selection of lower limits, or selection of economic-only coverage shall be made only on a form prescribed by the commissioner of insurance. The prescribed form shall be provided by the insurer and signed by the named insured or his legal representative. The form signed by the named insured or his legal representative which initially rejects such coverage, selects lower limits, or selects economic-only coverage shall be conclusively presumed to become a part of the policy or contract when issued and delivered, irrespective of whether physically attached thereto. A properly completed and signed form creates a rebuttable presumption that the insured knowingly rejected coverage, selected a lower limit, or selected economic-only coverage. The form signed by the insured or his legal representative

2

which initially rejects coverage, selects lower limits, or selects economic-only coverage shall remain valid for the life of the policy and shall not require the completion of a new selection form when a renewal, reinstatement, substitute, or amended policy is issued to the same named insured by the same insurer or any of its affiliates. An insured may change the original uninsured motorist selection or rejection on a policy at any time during the life of the policy by submitting a new uninsured motorist selection form to the insurer on the form prescribed by the commissioner of insurance. Any changes to an existing policy, regardless of whether these changes create new coverage, except changes in the limits of liability, do not create a new policy and do not require the completion of new uninsured motorist selection forms. For the purpose of this Section, a new policy shall mean an original contract of insurance which an insured enters into through the completion of an application on the form required by the insurer.

As previously stated, the trial court found that the rejection form in this case was invalid because it not indicate the representative capacity or authority of the person signing the form. In *Duncan*, 950 So.2d at 551, the Louisiana Supreme Court enumerated the following requirements that must be completed for UM coverage to be validly rejected:

(1) initialing the selection or rejection of coverage chosen;
(2) if limits lower than the policy limits are chosen (available in options 2 and 4), then filling in the amount of coverage selected for each person and each accident;
(3) printing the name of the named insured or legal representative;
(4) signing the name of the named insured or legal representative;
(5) filling in the policy number; and
(6) filling in the date.

The requirements at issue in this case are numbers three and four. On the form at issue, in the blank for the named insured, the APSO's name is typed. In the blank for the signature of a named insured or legal representative, the signature of Bill Belt appears. However, it does not indicate that he is the Sheriff of Avoyelles Parish or identify him in any other way. In its oral reasons for judgment, the trial court stated, in pertinent part:

I have taken everything into consideration. Of course, I cannot review the rejection form within a vacuum or how you would perceive it here in Avoyelles Parish whether it be recognizable [sic]. The doctrine that

3

is set forth in *Cohn* [*v. State Farm Mutual Automobile Insurance Co.*, 03-2820 (La.App. 1 Cir. 2/11/05), 895 So.2d 600, *writ denied*, 05-1000 (La. 06/17/05), 904 So.2d 705] and the doctrine as well as you all know regarding the statute, (INAUDIBLE) first to be visibly construed as an exception to the coverage has to be (INAUDIBLE) strict and any exclusion form coverage has to be clear and unmistakable and regarding if you let a contract in front of an official's signature[,] you might not have to designate his or representative capacity[,] but in this case[,] I think following the doctrine set forth in *Duncan*[,] it should and so I will grant the Partial Summary Judgment regarding UM coverage.

St. Paul contends that the waiver signed by Sheriff Belt is valid because he was statutorily empowered to purchase automobile liability insurance for the APSO and, since he was authorized to purchase such insurance, he was authorized to waive UM coverage. It is the position of St. Paul that there is no requirement that the legal representative show his capacity or authority on the form; that the *Duncan* case is not determinative of the issue on appeal in this case, and in any event, the UM rejection in this case was in full compliance with the six factors enumerated in *Duncan*; and that the *Cohn* case is distinguishable because it involved multiple policies issued to a corporation, alteration of the form by the insurer after it was signed by the insured, and an incomplete policy number.

Plaintiff, on the other hand, relies on *Cohn v. State Farm Mutual Automobile Insurance Co.*, 03-2820 (La.App. 1 Cir. 2/11/05), 895 So.2d 600, *writ denied*, 05-1000 (La. 06/17/05), 904 So.2d 705, which the supreme court cited with approval in *Duncan*, for the proposition that the failure to comply with the formal requirements of the statute will render the waiver of coverage invalid. In that case, the UM rejection was found to be invalid because the form did not include a complete policy number (and the insured had multiple policies with the insurer), the insurance company was not named, and the signatory did not indicate that she was signing in a representative capacity. The first circuit held that these deficiencies rendered the rejection as not "clear and unmistakable."

4

As we recently noted in *Harper v. Direct General Ins. Co. of Louisiana*, 08-31 (La.App. 3 Cir. 11/05/08), ___ So.2d ___, we agree with the first circuit's statement in *Cohn*, 895 So.2d at 602 that:

> Considering that the object of the UM legislation is to promote full recovery for automobile accident victims by making such coverage available for them, jurisprudence has held that the UM statute is to be liberally construed, and the exceptions to coverage interpreted strictly. Therefore, any exclusion from coverage must be clear and unmistakable. *Dixon v. Gene Moody Trucking, Inc.*, 36,420 pp. 5-6 (La.App. 2 Cir. 10/23/02), 830 So.2d 392, 395. The expression of a desire not to have UM coverage, however clear, does not necessarily constitute a valid rejection if the expression of rejection does not meet the formal requirements of law. *Roger v. Estate of Moulton*, 513 So.2d 1126, 1131 (La.1987).

Furthermore, we note that *Duncan* cited this passage with approval.

In this case, Bill Belt only signed his name and failed to print his name on the rejection form to identify his signature as specifically required by *Duncan*. After our de novo review and given the required strict interpretation of the statutory exceptions to UM coverage, we find, as we did in *Harper*, that because the signatory's capacity is ambiguous on the face of the form, the waiver is deficient because it is not "clear and unmistakable" and that UM coverage is afforded under the policy. Thus, we find no error in the trial court's grant of Plaintiff's motion for partial summary judgment.

## DECREE

For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to Defendant-Appellant, St. Paul Fire and Marine Insurance Company.

**AFFIRMED.**

5