NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

09-363


BRANDY L. MOLBERT, ET AL.

VERSUS

BRANDON L. THOMAS, ET AL.


**********


APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 110418-A
HONORABLE GERARD B. WATTIGNY, DISTRICT JUDGE


**********


JOHN D. SAUNDERS
JUDGE


**********


Court composed of John D. Saunders, Jimmie C. Peters, and James T. Genovese, Judges.

AFFIRMED IN PART, REVERSED IN PART.

Thomas Reginald Hightower, Jr.
Wade Kee
A Professional Law Corporation
P. O. Drawer 51288
Lafayette, LA 70505
(337) 233-0555
Counsel for Defendant/Appellant:
Shelter Mutual Ins. Co.


Kathy Ireland
Attorney at Law
P. O. Box 2187
Lafayette, LA 70502
(337) 231-1955
Counsel for Defendant/Appellee:

**Brandon L. Thomas**
**Barton Willis Bernard**
**Bernard & Hart**
**345 Doucet Road, Suite 103-B**
**Lafayette, LA 70503-3407**
**(337) 593-1123**
**Counsel for Plaintiffs/Appellees:**
**Brandy L. Molbert**
**Ross Molbert**

**SAUNDERS, Judge.**

This case addresses whether uninsured motorist (UM) coverage was validly rejected when the date line was not properly filled in on a form prescribed by the commissioner of insurance.

For the following reasons, we affirm the trial court's denial of summary judgment.

**FACTS AND PROCEDURAL HISTORY**

On March 2, 2007, Brandy Molbert was involved in an automobile accident with Brandon Thomas. Mr. Thomas was not covered by liability insurance on the vehicle he was driving because he was doing so without permission. The Molberts' (hereinafter "Appellees") vehicle had liability insurance coverage issued by Shelter Mutual Insurance Company (hereinafter "Appellant").

In May of 2005, Appellees filled out a form rejecting UM coverage. The form was completely and accurately filled out with the exception that the date line on the form was not filled in. When the form was subsequently forwarded to and printed by Shelter Mutual, the printer added a line of text to the bottom of the form that showed the date upon which the form was printed. This printed date sits a little more than an inch below the line where the date was supposed to be filled in by Appellees.

Appellees filed suit in August of 2007. On August 29, 2007, Appellant filed for summary judgment, alleging that it was free from liability since Appellees had rejected UM coverage. In December of 2008, Appellant's motion for summary judgment was denied by the trial court based on the empty date line discussed above.

Appellant has appealed the trial court's denial of summary judgment and alleges the following assignment of error:

**APPELLANT'S ASSIGNMENT OF ERROR:**

> The trial court erred in denying summary judgment filed on behalf of Shelter Mutual Insurance Company in light of the fact that the selection form rejecting uninsured motorist coverage was in conformity with the statutorily mandated requirements and served to properly reject uninsured motorist coverage.

**LAW AND DISCUSSION ON THE MERITS**

The current matter has arrived before this court under unusual circumstances. Appellant was denied its motion for summary judgment by the trial court. Such a denial is not ordinarily an appealable judgment. However, as a result of the following language used by the trial court in its denial of summary judgment, we have decided to consider this appeal because of an improper granting of summary judgment to a nonmoving party.

> IT IS FURTHER HEREBY ORDERED, ADJUDGED AND DECREED that the Underinsured/Uninsured Motorist Rejection Form attached to the Defendant's Motion for Summary Judgment does not comply with the requirements of Louisiana law to effectively reject underinsured/uninsured motorist insurance coverage, and is therefore an invalid rejection of underinsured/uninsured insurance coverage.

Whether there was a valid rejection of UM coverage by the Appellee was not an issue for the trial court to decide. "The Code of Civil Procedure does not authorize the trial court to render a judgment on the merits in favor of the nonmoving party upon denial of the moving party's motion for summary judgment." *Smith v. Brooks*, 96-1085, p. 5 (La.App. 3 Cir. 2/05/97), 689 So.2d 544, 547. Because of this, and the foregoing discussion, we affirm the trial court's denial of summary judgment to the Appellant and reverse the ruling that there was a not valid rejection of UM coverage by the Appellees.

<u>Standard of Review</u>

Appellate courts review summary judgments *de novo* under the same criteria that govern the trial court's consideration of whether summary judgment is appropriate. *Schroeder v. Bd. of Supervisors of La. State Univ.*, 591 So.2d 342 (La.1991). A motion for summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact, and that the mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966.

Discussion

Appellant argues that Appellees validly rejected UM coverage when they completed the UM coverage form provided by Appellant. On the form Appellees initialed the line indicating that they did not desire UM coverage, and they filled out all the relevant blanks with the exception of the date line–the purpose of which is to indicate the date upon which the waiver would become effective.

"Under Louisiana law, [UM] coverage is provided for by statute and embodies a strong public policy." *A.I.U. Ins. Co. v. Roberts*, 404 So.2d 948 (La.1981). "[T]he requirement of UM coverage is an implied amendment to any automobile liability policy... as UM coverage will be read into the policy unless validly rejected." *Duncan v. U.S.A.A. Ins. Co.*, 06-363 (La. 11/29/06), 950 So.2d 544, 547. Louisiana Revised Statutes 22:1295(1)(a)(ii) sets out the requirements for effectuating a valid rejection of such coverage:

> Such rejection, selection of lower limits, or selection of economic-only coverage shall be made only on a form prescribed by the commissioner of insurance. The prescribed form shall be provided by the insurer and signed by the named insured or his legal representative. . . . A properly completed and signed form creates a rebuttable presumption that the insured knowingly rejected coverage, selected a lower limit, or selected economic-only coverage.

The Supreme Court of Louisiana in *Duncan* took the requirements a step further. It stated that the insurance commissioner's form requires six tasks, which are pertinent in rejecting UM coverage. *Duncan*, 950 So.2d 544.

> Essentially, the prescribed form involves six tasks: (1) initialing the selection or rejection of coverage chosen; (2) if limits lower than the policy limits are chosen (available in options 2 and 4), then filling in the amount of coverage selected for each person and each accident; (3) printing the name of the named insured or legal representative; (4) signing the name of the named insured or legal representative; (5) filling in the policy number; and (6) *filling in the date*.

*Id*. at 551. (emphasis added.)

According to *Duncan*, not only must the date line be filled in, it must be done

by the insured. *Id*. at 552. In the present matter, the date line is left blank. Appellant claims that although the line is empty, the requirement is still satisfied. It argues that the date listed near the bottom of the form, indicating when the form was printed, is enough to satisfy the above requirement. This argument ignores the purpose behind the need for the date–to signify when the waiver of coverage is to become effective, not a marker of the day the form was brought into tangible existence. Even had the date been printed by Appellant in the proper place, the requirement from *Duncan* would still not be satisfied as it was not the named insured, i.e. Appellees, who completed the date line.

The rules from La.R.S. 22:1295 and *Duncan* are to be applied strictly. Appellant's alternative arguments, that common sense and the apparent intentions of the parties should be persuasive here, are not accepted. "The expression of a desire not to have UM coverage, however clear, does not necessarily constitute a valid rejection if the expression of rejection does not meet the formal requirements of law." *Cohn v. State Farm Mut. Auto. Ins. Co.*, 03-2820, p. 5 (La.App. 1 Cir. 02/11/05), 895 So.2d 600, 602, *writ denied* 05-1000 (La. 6/17/05), 904 So.2d 705.

The matter before us demands only that we consider whether the UM rejection form was completed sufficiently to effect a waiver of UM coverage. We find that it was not. Whether UM coverage actually existed was not raised in the trial court and, therefore, is not an issue before this court.

**CONCLUSION**

Appellant has been unable to show that Appellees validly effectuated a rejection of UM coverage meeting the requirements of La.R.S. 22:1295 and *Duncan*. Appellant is not entitled to judgment as a matter of law, and, therefore, we affirm the trial court judgment denying summary judgment and reverse the ruling that there was not a valid rejection of UM coverage by Appellees. All costs of this proceeding are

4

to be paid by Appellant.

**AFFIRMED IN PART, REVERSED IN PART**.