*1121
 
 MARION F. EDWARDS, Judge.
 

 12Plaintiffs/appellants, Althea Alvarez and Armando Alvarez (“Alvarez”), individually and behalf of their two minor children, Andre Alvarez and Anyssia Alvarez, appeal a judgment of the district court granting summary judgment in favor of defendant/appellant, USAgencies Casualty Insurance Company (“USAgencies”).
 

 Alvarez filed suit for injuries received in an automobile accident on August 19, 2004. USAgencies was made a defendant as the uninsured/underinsured motorist carrier. USAgencies filed a Motion for Summary Judgment, alleging that Alvarez had validly rejected uninsured motorist (“UM”) coverage on April 8, 2004. After a hearing, the district court denied the motion, finding the form was invalid under Louisiana law. In the transcript, the trial court stated that |;iUSAgencies had failed to include its name on the waiver form as required by La. R.S. 22:1406(D)(a)(ii), now La. R.S. 22:680(l)(a)(ii).
 

 USAgencies filed a Motion for Re-Hearing on Motion for Summary Judgment, which was treated as a new trial. It introduced an affidavit from an underwriting supei’visor pointing out that the letters “LA-USACIC00006 (01/02)” appear in the bottom left-hand corner of the waiver form, and that the letters “USACIC” are an acronym for USAgencies. After talcing the matter under advisement, the trial court issued a judgment granting a new trial.
 

 Alvarez appealed that judgment to this Court, and, in
 
 Alvarez et al. v. LeBlanc et al.,
 

 [1]
 

 we determined that the judgment on appeal was interlocutory, dismissing the appeal and remanding the case. On December 16, 2008, USAgencies filed a Motion and Order to Re-Set Motion for Summary Judgment. Following a hearing on February 18, 2008, the trial court granted summary judgment, dismissing Alvarez’s case. It is from that judgment that the present appeal is taken.
 

 Our review on the grant of summary judgment is
 
 de novo.
 

 [2]
 

 At the February hearing, USAgen-cies pointed out to the court another case from this Circuit in which the same form was found to be valid.
 
 [3]
 
 In that case, we stated:
 

 Although plaintiff contends that the form does not contain the name of the insurance company, the form contains the following on the bottom left-hand corner of the document: LA-USA-CIC00006 and a bar code. This acronym clearly refers to USAgencies Casualty Insurance Company, the insurer that provided this policy to plaintiff. Further, plaintiffs initials are placed on the form adjacent to the following language:
 

 “I do not want UMBI Coverage. I understand that I will not be compensated through UMBI coverage for losses arising from an accident caused by an uninsured/underinsured motorist.”
 

 (Emphasis in the original.)
 

 Thus, the form executed by plaintiff and the insurer in this case complies with the formal requirements of law in that there is a clear rejection of UM coverage, the form is signed and dated,
 
 *1122
 
 and it contains the policy number and the name of the insured.
 

 Pursuant to
 
 Fescharek,
 
 the trial court granted summary judgment in favor of USAgencies. Alvarez appeals, urging that the rejection form did not properly comply with Louisiana Commissioner of Insurance Bulletin, LIRC 98-01, which states: “For identification purposes, the company name must be placed at the lower left-hand corner and the policy number at the lower right-hand corner of the Form.” Alvarez cites us to
 
 Roger v. Estate of Moulton
 

 [4]
 

 for the proposition that UM waivers are subject to strict construction.
 

 We are bound by our previous determination in
 
 Fescharek
 
 that the identical waiver form is valid. Our finding there, as well as in the present case, is bolstered by more recent jurisprudence. In
 
 Gingles v.
 
 Dardenne,
 
 [5]
 
 the Third Circuit determined that the UM waiver there was ineffective because it did not include the name of the insurer. The court observed that, although the Insurance Commissioner’s form did not have a marked space for the insurer’s name, the form was accompanied by instructions to include the name of the insurance company. Considering these things together, the appellate court held that the waiver, which did not contain a space for the insurer’s name, was invalid. In reversing the appellate court, the Louisiana Supreme Court held, in a
 
 per curiam
 
 opinion,
 
 [6]
 
 that having met the requirements of
 
 Duncan v. U.S.A.A.,
 

 [7]
 

 the commissioner’s failure to 11 include a space for the insurer’s name on the UM coverage form did not invalidate the rejection. It quoted from Duncan:
 

 Essentially, the prescribed form involves six tasks: (1) initialing the selection or rejection of coverage chosen; (2) if limits lower than the policy limits are chosen (available in options 2 and 4), then filling in the amount of coverage selected for each person and each accident; (3) printing the name of the named insured or legal representative; (4) signing the name of the named insured or legal representative; (5) filling in the policy number; and (6) filling in the date.
 
 [8]
 

 The
 
 Gingles
 
 court found that “[i]t is undisputed that the pertinent designated spaces on the form were filled out. Additionally, the form at issue in these proceedings satisfies all of the requirements of our opinion in Duncan. Under these circumstances, we find [the insurer] has established it is entitled to judgment as a matter of law. The court of appeal erred in holding otherwise.” In
 
 Keen v. Ashley,
 

 [9]
 

 the Second Circuit was also presented with a waiver that did not contain a space for the insurer’s name. The waiver form in that case correctly listed all coverage options; contained spaces, properly filled out, for the insured’s name and signature, policy number and date; and showed the [insured’s] initials next to the rejection option. The forms had, however, no space for the insurer’s name. As in the case now before us, the waiver form there also stated, in a header, “This form was promulgated pursuant to LRS 23 § 1406 D. (l)(a)(ii). This form may not be altered or modified.” Citing
 
 Gingles,
 
 the court found that the insurer used the UM coverage form pro
 
 *1123
 
 mulgated by the commissioner, that it complied with every requirement of R.S. 22:680(l)(a)(ii), and that [the insured’s] designated officer filled it out correctly with a rejection of UM coverage. “The only deficiency was that the form failed to comply with an internal regulation, LIRC 98-03, which the Insurance Rating Commission itself apparently disregarded in preparing the | ,¡coverage form. Under
 
 Gingles,
 
 this is of no moment given the otherwise full compliance with the statute.”
 
 [10]
 

 Alvarez also contends that summary judgment should not have been granted as a procedural matter, because USAgencies presented no new evidence on the new trial. Under La. C.C.P. art. 1972, a new trial shall be granted when, among other things, the verdict or judgment appears clearly contrary to the law and evidence. At the time the original summary judgment was denied and the new trial granted,
 
 Gingles, Keen,
 
 and
 
 Fescharek
 
 had not yet been decided. The factors bearing on retroactive application of a judicial decision include whether the new decision establishes a new principle of law, either by overruling clear precedent on which the parties have relied, or by deciding an issue of first impression whose resolution was not clearly foreshadowed; the history of the rule, its purpose and effect, and whether retrospective application will further or retard its operation; and the inequities involved.
 
 [11]
 

 Gingles
 
 clarified the previous jurisprudence, as did
 
 Fescharek.
 
 To apply it retroactively would not work substantial injustice to Alvarez. In granting the motion on the new trial, the trial court correctly applied the latest expression of the courts.
 

 For the foregoing reasons, the judgment of the trial court is affirmed.
 

 AFFIRMED.
 

 [1]
 

 . 08-247 (La.App. 5 Cir. 9/30/08), 966 So.2d 517,
 
 writs denied,
 
 07-1574 (La.10/12/07), 965 So.2d 404.
 

 [2]
 

 .
 
 Prince v. K-Mart Corp.,
 
 99-253 (La.App. 5 Cir. 8/31/99), 742 So.2d 718.
 

 [3]
 

 . Fescharek v. US Agencies,
 
 07-843 (La.App. 5 Cir. 2/6/08), 979 So.2d 562, 565.
 

 [4]
 

 . 513 So.2d 1126 (La.1987).
 

 [5]
 

 . 08-448 (La.App. 3 Cir. 11/26/08) 998 So.2d 795.
 

 [6]
 

 . 08-2995 (La.3/13/09), 4 So.3d 799.
 

 [7]
 

 . 06-363, p. 12 (La.11/29/06), 950 So.2d 544, 546-47.
 

 [8]
 

 .
 
 Duncan, supra.
 

 [9]
 

 . 44,608 (La.App. 2 Cir.
 
 mem),
 
 21 So.3d 9877.
 

 [10]
 

 .
 
 Keen v. Ashley, supra.
 

 [11]
 

 .
 
 Devereux v. Allstate Ins. Co.,
 
 557 So.2d 1091 (La.App. 2 Cir.1990) (citing
 
 Lovell v. Lovell,
 
 378 So.2d 418 (La.1979)).